# CASES OF PRACTICE

AND

## DECISIONS IN NON-ENUMERATED MOTIONS.

### STEWART *vs.* HAWLEY & BARTHOLOMEW.

Leave will not be granted to turn a *case* into a *bill of exceptions* and enter it in the record, for the purpose of reviewing by writ of error a decision at the circuit, sustained *in banco*, where the plaintiff instead of having a *bill* duly signed and sealed, makes a *case*, and proceeds to the argument thereof, although the decision at the circuit was *duly excepted to*, and time obtained to draw up a *bill*.

*It seems*, however, that relief would have been granted had the party *previous* to the argument, applied to the court; and that even *after* the argument, the motion would have been granted under the circumstances of the case, had the circuit judge certified that he understood that the party intended the paper book presented as a *bill of exceptions.*

A. STEWART, the plaintiff in person, moved to incorporate the case made in this cause into the record as a bill of exceptions, in order that he might review upon writ of error the decision at the circuit, which was sustained by this court.

The plaintiff was nonsuited at the Oneida circuit, in April, 1839, on a point of law; and counsel took an exception in such form as entitled him, according to the statute and rules of this court, to draw out a bill in form, and have it signed and sealed. The attorney for both parties then stipulated for thirty days time in which the plaintiff should prepare a *case* or *bill of exceptions*. Papers were accordingly drawn and settled by the judge, mentioning that the exception had been taken, but omitting the usual *formal parts* characterizing a bill of exceptions; it was not filed with the clerk as a bill of exceptions; nor was it returned

VOL. XXII. . 71

by him as such. It was the intention of Mr. Stewart, and he instructed his counsel to perfect a bill. of exceptions; but through his own absence and inattention, and the neglect of his counsel, the cause proceeded to argument and decision, without being put in the form of a *bill*, though it had been called a *bill* by the parties in papers which passed between them : and had been once mentioned by both parties in notice for argument, as a bill of exceptions. At July term, 1839, the cause was argued upon these notices in its order upon the calendar; the defendants' notice of argument stating that a motion would be made to set aside *the bill* as frivolous. In the June previous, Mr. Stewart offered .the defendants' attorney a stipulation, signed by himself, to treat *the case* as a bill; but the attorney refused to join in it; and the cause was finally argued and decided by this court as upon a case. This court refused to disturb the nonsuit. The circuit judge, in his general order to stay proceedings, certified that he had settled a bill of exceptions. And at the last December special term, on the plaintiff's motion, this court, (Bronson, J. presiding,) referred the matter to the circuit judge, to say whether the case was understood by him at the time when settled, to be a bill of exceptions ; and if so, to settle and seal it as such. The judge now certified that he had no remembrance of any thing being said of a bill of exceptions, and he presumed, from the form, that the case was settled as a case.

*T. W. Jenkins*, for the defendants, opposed the motion.

*By the Court*, Cowen, J. By the revised statutes, 2 *R. S.* 342, 2*d ed.* the party, in order to entitle himself to a bill of exceptions, must make his exception at the trial of the cause, at the time when the decision is made. The exception must be taken in writing, but the court may allow time to put it in form. § 74, 75. If the truth be fairly stated, the court is bound to sign and seal the statement, § 76, 77. If it refuses to do so, when the statement is true, the court before whom the writ of error is brought, or which shall have authority to decide on the bill when returned to them,

Stewart *v.* Hawley.

may compel the judge or judges below to sign and seal. §
76.   When the bill is taken at the circuit, it must be return-
ed to this court at its next term, § 81, which of course has
the power to compel its execution by the circuit judge. When
the bill takes its regular and ordinary course, it is originally
drawn up in due form, signed and sealed, filed with the clerk,
who delivers it out with the proper certificate or return, to the
attorney of the party who has the verdict, § 80, and he sees
that it is returned to the supreme court.  By § 81, it is finally
to be entered in the record.

In the case at bar, an exception was regularly taken at
the trial, and the parties then stipulated for time to make a
*case* or *bill*.  Papers were subsequently drawn up and the
facts settled by the judge according to the rules which are
in this respect common both to cases and bills ; but no prop-
osition was made to the judge that he should sign and seal ;
nor did the parties agree that the paper should be consider-
ed as a bill.  In fact they proceeded to argue it as a case,
under notices from each side ; and a decision was made up-
on it, after both parties were distinctly aware that it was a
mere case.

By the statute we have seen that time may be taken to
reduce the bill into form ; and in this case time was allow-
ed by the alternative stipulation.  Upon that stipulation, it
appears to me that Mr. Stewart must be taken, after what
has passed, even as between himself and the defendants, to
have elected a case.  But independent of that, how is it
when we are called upon under the statute to control the
circuit judge ?   There was no intimation to him of a desire
that he should seal a bill, but in fact both parties concurred
in his settling the statement as a case.  At common law,
the bill of exceptions was not known, and by the statute
the utmost which can be allowed is time to put it in form.
That is to be done under our rules within certain specified
periods, by way of proposing a statement, amendments, and
a settlement by the judge.  When it comes to be settled,
the intention of the parties is seen ; and then after it is en-
grossed, is the very latest point of time at which the judge
can be called on to sign and seal the paper as a bill.

Strictly it must be drawn out at the trial; but that being found inconvenient in practice, the statute says the court may allow time. That means a preliminary allowance in the first instance; and we have settled it by general rule. True the statute says that where the bill is correct, and the judge refuses to seal, we may compel him to do it, but that cannot mean at any distance of time and under all circumstances. On such construction we should have power to turn every case into a bill, at any time; and the distinction between the two would be unknown. The case is a creature of the court; the bill is one of the statute, which must be followed in form and circumstance. We cannot dispense with it.

But were this a mere matter of practice under the old statute, *West.* 2, *ch.* 31, which was brought into our former revisals, the result would be the same, though that statute was not strict in fixing the time of taking the exception and settling the bill. *Wright* v. *Sharp,* 1 *Salk.* 288. The English practice is in this respect much like ours under the present statute, as may be seen by the case cited. Under the old statute, a party had taken an exception, and was going on to have it settled, but brought a writ of error and procured its return before the bill was settled; and issue was joined in the court of error; yet the court below held that he had waived it. They said he had done so by bringing a writ of error before the bill was signed. *Dillon* v. *Doe, dem. Parker,* 1 *Bing.* 13. In a like case, the court allowed the bill to be tacked to the record *nunc pro tunc,* on the ground that the settling of the bill had been delayed by the defendant in error; but even this was on very strict terms. *Taylor* v. *Willians,* 2 *Barn. & Adol.* 195, *and note, (b).* Now the principle of these cases is, not that the court cannot relieve, for they do so in the latter case; but that where the party who raises the exception takes a step in the cause, the bill still remaining unsettled, without the fault of his adversary, he thereby waives the bill altogether; and the step need not necessarily be incompatible with the idea of there being a bill. Here the plaintiff has not only taken a step; but he has taken several, and some of

Stewart v. Hawley.

them directly inconsistent with all intention of insisting on a bill. I have already mentioned an election under the alternative stipulation. That was to take a *case* or *bill* and he takes a case; and both parties, in effect take their steps accordingly ; though, in words, it was now and then treated as a bill even by the defendants. It was noticed for argument as a bill ; but not argued as such. It was argued as a *case,* after all possibility of mistake had been cleared away. After the parties had distinctly taken their ground, the plaintiff proposing to consider it a bill, and being refused, he still does not stop, nor attempt to obtain a stay ; but argues it as a case, and allows it to proceed to a decision as such. If we now interpose, I know not what laches we must not relieve against. No fault is imputable to the defendants ; it cannot be that the plaintiff was in any way misled or baffled by them. His main excuse is, that he was abroad on his travels, and his attorney or counsel totally disregarded his instructions. The learned judge who tried the cause, has not refused to do any thing that he could possibly be called on to do, by way of shaping the case into a bill ; and I think my brother Bronson sent down the papers to him at the last special term, on the only possible alternative : " If you were urged to settle it as a bill, the formal parts may now be added ; and you may yet sign and seal it." We have no power to do more under the statute ; and after such laches as I see here, we should do wrong to think of more. If we were now to relieve, it would always be competent for a party to resolve on a secret course, keeping the matter between himself and his attorney ; and yet though proceeding in respect to his antagonist and the court in a directly opposite method, at any time to subvert the character of the practical proceeding by conforming it to his speculative purposes. Had he stopped, and sought relief before July term, there would have been more plausibility in this motion ; but he goes on to argument, after being distinctly told by the defendants' attorney that he would not consider the case as a bill.

The judge's general order staying proceedings on the nonsuit in which he calls the case a *bill of exceptions* can-

not help the plaintiff The judge doubtless granted it without looking to see whether it was a bill or case. That distinction was not material to the question of staying proceedings.

I have felt a desire to relieve the plaintiff if possible ; for the point we decided on the case is of great importance as carrying out our modern course of decision on jurisdictional questions, by which we have extended a liberal protection to inferior magistrates and officers acting under their warrants. 21 *Wendell*, 552. Perhaps the decision there has gone as far, if not further, than any which has preceded it. By further, I mean it has applied the principle on which we have acted in the class of questions mentioned, to a combination of circumstances which were new in their details, and to which the application of the principle may not be so obvious as in most cases. The case was, therefore, well calculated to test the principle both as to its existence and application, by an appeal to the court of dernier resort.

I am satisfied, however, for the reasons mentioned, that I cannot put the cause in its way to that court, consistently either with the statute or the principles of sound practice.

Motion denied.