## NEUSBAUM *v.* KEIM *et al.*

A judgment by confession is valid as between the parties, though the statement on which it is founded does not conform to the Code in setting forth the origin and particulars of the indebtedness.

Such a judgment, therefore, upon proof of its *bona fides,* authorizes the creditor to impeach a fraudulent transfer by his debtor.

A statement, it seems, is sufficient under the Code, which, after declaring that the plaintiff had sold and delivered to the debtor large quantities of meat in 1854 and 1855, averred that there was justly due him, upon such sales, a balance of $2,114, with interest from January 18, 1855.

APPEAL from the Common Pleas of the county of New York. The plaintiff was nonsuited at the trial, upon a state of facts which sufficiently appears in the following opinion. The judgment dismissing the complaint was affirmed at general term, and the plaintiff appealed to this court.

*Francis Byrne,* for the appellant.

*G. M. Spier,* for the respondents.

DENIO, J. The plaintiff obtained a judgment by confession, without action, in May, 1855, against Keim, for $2,120.25.

In March previous, Keim conveyed the real estate in question to the defendant, Chamberlain, and Chamberlain at the same time conveyed it to the wife of Keim. These transfers the plaintiff alleges to be fraudulent; and he seeks in this suit to have them declared void and to set them aside. It is well settled that he must be a judgment-creditor in order to be entitled to this relief. At the trial, he offered in evidence the roll or record of his judgment. Objection being made thereto, on the ground that the debtor's written statement or confession of the demand did not comply with the provisions of the Code, the judge sustained the objection, and ruled that the judgment was void on that ground. An offer to prove the consideration and *bona fides* of the debt was also overruled; and the plaintiff was nonsuited. For want of a valid judgment, he was not permitted to prove the fraud of which he complained.

In the statement, or confession, the debtor, in express terms, authorized a judgment for the sum which it specifies, and he declared, in the same writing, that he was justly indebted to the plaintiff in that amount, for meat sold and delivered to him. At the trial, the plaintiff offered to prove the integrity of the transaction. The debtor raises no question in regard to it. For all the purposes of this case, the judgment must be deemed an honest one as to third parties, fairly entered as to the debtor, and standing upon his express authority and stipulation. That it was a valid recovery as to him, is a plain conclusion of law, which has not been denied in this case. That it created a lien upon the real estate which he owned at the time it was rendered, is a necessary consequence. That, in the character of judgment-creditor, he is entitled to impeach a fraudulent conveyance of real estate, seems to me to follow inevitably. Such conveyances are absolutely void as to creditors, by which the law means judgment-creditors. That relation is created by a recovery valid against the debtor, and upright in its consideration and intention as to other parties. If the debtor cannot deny the relation in such a case, his fraudulent grantee cannot. The latter stands in no better situation.

In the ruling at the trial, the policy and intent of the Code were not attended to, or were misapprehended. It was an ancient and well-settled practice of the courts to allow judgments to be recovered by confession, either without action or pending an action. Such judgments rested, as they do still, upon the simplest of all foundations—that of consent; and the consent was enough without a special and particular statement of the cause or consideration of the debt. This was so even as to other creditors and purchasers until the legislature of this State, in 1818, enacted a statute on the subject. The practice was considered liable to abuses, affecting the rights of other parties. That statute, therefore, provided that, from thenceforth, in all judgments by confession without suit, the plaintiff should file with the record a particular statement of his debt; and, if this was omitted, such judgments were to be deemed fraudulent as to other *bona fide* judgment-creditors and as to *bona fide* purchasers for valuable consideration of any lands bound or affected by such judgments. (Laws of 1818, ch. 258, § 8.) The policy of this statute was apparent on its face. Its very terms only included *bona fide* creditors and purchasers. As to the debtor himself, and creditors and purchasers not *bona fide*, a judgment by confession, without the special statement, was valid and effectual. The statute was repealed prior to the revision of 1830. The Revised Statutes required that the authority for entering the judgment should be in some proper instrument distinct from the bond or other evidence of the debt, and should be produced to the officer signing the record, and filed with it. (2 R. S., 360.) Such were the law and the practice until the Code of Procedure, which has returned to the policy of the act of 1818, by requiring a particular statement of the demand to be verified by the debtor himself, which must contain an authority for the judgment. This statement being filed, the clerk enters upon it, and in a book, a judgment for the sum so confessed. The object of this provision is twofold: first, to change the form of proceeding, that being the general intent of the Code in all things, however simple and convenient the preëxisting form

may have been.    The ancient warrant of attorney to sign a plea of confession to a declaration for the debt or demand was dispensed with, and so was the formal record of the judgment containing the declaration and the plea.    In place of that warrant, a simple authority to enter the judgment must be contained in the statement, and in place of the formal record the clerk is to make a mere indorsement of the judgment and enter it in his book.    The other and more essential object was to restore the spirit of the statute of 1818, by requiring the particulars of the demand to be set forth.    This has reference, as that statute had, to the rights of other creditors and of purchasers, and the intention was to improve their condition. Such was the exposition approved by this court in *Chappell* v. *Chappell* (2 Kern., 215).    The change of the law in respect to the debtor is, therefore, formal merely.    As to him, the framers of the Code and the legislature did not intend so absurd a thing as to enact that an explicit written authority for a judgment should not be sufficient.    This would be to deny to him power and capacity to act for himself.    As to third parties, the change is substantial; but they must be parties within the protection of the principle on which the change was based. In favor of such parties the statute guards against the confessions of fraudulent and collusive judgments; but if they are themselves fraudulent and collusive dealers with the debtors, they are not within its protective policy.    Persons in that situation could not, by an affirmative suit or proceeding, assail a judgment by confession admitted to be fraudulent.    The law would not listen to them at all.    And where they have got possession of the debtor's property by a fraudulent and void conveyance, they cannot be allowed to hold it against a judgment which is valid against the debtor and fair in its consideration, on the mere ground that the statement of such consideration is not sufficient.    That they are certainly in no better situation than he is, seems to me a proposition entirely plain.

It is unnecessary, therefore, in the present case, to determine whether the provision of the Code was fully complied with in the confession of the judgment.    Being for a *bona fide* debt,

and being clearly sufficient, as to the debtor, to authorize the judgment, the plaintiff necessarily has a right to satisfaction out of the debtor's property wherever he can find it. And the right is not less clear if such property be found in the hands of a fraudulent assignee.

But should we stop here, the natural inference from our judgment would be that we considered the statement insufficient. What remains to be added, therefore, is not set down for the purpose of supporting the foregoing conclusions, but in order to prevent misapprehension as to the sufficiency of the statement. After setting forth the parties, and the amount for which Keim, as defendant, confesses judgment in favor of Neusbaum as plaintiff, it proceeds thus: " This confession of judgment is for a debt justly due to the plaintiff, arising upon the following facts: The said plaintiff, at various times in the years 1854 and 1855, sold and delivered to me large quantities of meat, and upon such sale there is now justly due to the plaintiff, as aforesaid, a balance of the said $2,114, with interest thereon from the 18th day of January, 1855." This is signed and sworn to by Keim. It imports, to a common intent, a dealing in butcher's meat between the parties, in which Keim was the purchaser from Neusbaum: and a delivery of the different parcels at divers times, so as to constitute an account between them: and that payments had been made on the account, leaving due a balance amounting to the sum for which the judgment was confessed. This indicates the facts out of which the indebtedness arose as plainly as it could be done without copying the items of the account. That such a prolix statement as a bill of parcels was not contemplated, is evident from the admonition in the section that the facts must be stated concisely. (§ 383.) The statement is certainly as specific as that in *Lanning* v. *Carpenter* (20 N. Y., 447), or the one in *Freligh* v. *Brink* (22 id., 418). In these cases it was stated that the debt was for money borrowed by the debtor of the creditor, without any specification of time or of separate amounts. It is true that notes had been given, but it has been repeatedly decided that a declaration that the money was due on a note

would not be sufficient. We are, therefore, of opinion that the statement in this case was not defective.

The judgment should be reversed, and a new trial granted.

SMITH, J., delivered an opinion to the same effect; and all the judges concurred, both on the main question and as to the sufficiency of the statement.

Judgment reversed and new trial ordered.