## READ *v.* FRENCH and others.

A stipulation, signed by attorneys who have fraudulently issued an execution which, in respect to its delivery to the sheriff, is prior in point of time to another execution issued by them in favor of a different plaintiff, agreeing that such prior execution shall be postponed to the one subsequently issued, is within the scope of the authority of the attorneys.

The power of an attorney extends to opening a default which he has taken, (whether properly or improperly,) and vacating the judgment entirely; even though his client has instructed him to the contrary.

A client has no right to interfere with the attorney, in the due and orderly conduct of the suit; and certainly can not claim to retain a judgment obtained, and an execution issued, by his attorney, fraudulently.

A stipulation to postpone an execution which has been issued on a judgment fraudulently entered, on condition that a motion shall not be made to set aside the judgment, is founded upon a good consideration.

A judgment by confession is not absolutely void when there has been a defective statement, but is voidable only at the instance of a party in interest.

A statement, alleging that the defendants "are indebted to the plaintiff in the sum of $3300, which indebtedness arose on account of goods purchased in the year 1858; that the whole amount of the purchase was $3500; and the amount remaining due is $3300; that the goods consisted of cloths, trimmings, &c., and were purchased at P. where said plaintiff resides," is sufficient in point of form, although it is not alleged, in terms, that the goods were purchased by the defendants from the plaintiff; the words used plainly importing that fact.

Judgment by default can not be entered except upon proof of *personal* service of the summons and complaint. An admission of *service* of the summons and complaint, not stating the mode in which the service was made, is not sufficient.

The admission of a defendant, of the service of a summons and complaint, should state that the service was personal, by the delivery of a copy thereof to him, or the clerk will have no power or authority to enter judgment under section 246 of the code.

APPEAL from a judgment of the Supreme Court. The action was brought by the plaintiff, as a judgment creditor of the firm of Clark & Hadwin, of Ogdensburgh, against the defendants French, other judgment creditors of such firm, and the sheriff of St. Lawrence county, to have the execution

issued on the judgment in favor of the defendants the Frenches vacated from the time it issued, so far as it affected the execution issued on the plaintiff's judgment, and to have the execution and judgment in favor of the plaintiff declared to have a prior lien to the execution issued on the French judgment; also, to have the money received from the sales of the property of Clark & Hadwin by virtue of either or both of said executions applied to pay and satisfy the judgment in favor of the plaintiff before any portion of the same was applied to satisfy and pay the judgment of the defendants French; and that the defendant Nott, as sheriff, pay to the plaintiff the amount of his judgment, if the proceeds of the sales of the property of Clark & Hadwin be sufficient to pay said judgment; and if such proceeds shall not be sufficient, then that he pay such sum as the proceeds of such sales shall amount to.

The defendants French and the sheriff answered separately. The sheriff alleged that an execution on the French judgment was received by him at 10 o'clock in the forenoon of the 18th of February, 1854, and that in the forenoon of that day, by virtue of it, he levied on all the goods and property of Clark & Hadwin; that at 4 o'clock in the afternoon of the same day he received an execution on the plaintiff's judgment, and immediately afterwards levied it on the same property. He admits that he subsequently sold the property by virtue of both executions, and after applying the proceeds of the sale to the payment of the French execution, as having a priority of lien, the balance of such proceeds remaining and applicable to the payment of the plaintiff's execution was about $1458.

The cause was tried at a circuit court in the county of St. Lawrence in October, 1857, before Mr. Justice JAMES, without a jury. The case as made up contains no statement of facts found by the judge, nor his conclusions of law, unless his decision, which is incorporated with, and made part of

the case, is to be considered and treated as such. If it is to be so regarded, this case is shown :

In February, 1854, Thomas S. Clark and Isaac R. Hadwin, composing the firm of Clark & Hadwin, were indebted to the plaintiff and others in large amounts, and were in embarassed circumstances. Desiring to secure the plaintiff, they proposed to confess a judgment in his favor, and applied to the law firm of Vary & Clarke as the plaintiff's attorneys, to prepare the papers and enter the judgment. On the evening of the 17th of February, 1854, the attorneys having prepared the statement of confession, it was signed and sworn to by Clark & Hadwin, and left with the attorneys to have the judgment entered. This statement was in the following form :

"SUPREME COURT.

JAMES H. READ
*agst.*
THOMAS S. CLARK & ISAAC R. HADWIN.

Thomas S. Clark and Isaac R. Hadwin, defendants, hereby confess ourselves indebted to James H. Read, plaintiff, in the sum of three thousand three hundred dollars, and hereby authorize him, or his executors, administrators, attorney or assigns, to enter a judgment against us, for that amount. The above indebtedness arose on account of goods purchased in the year eighteen hundred and fifty-three. That the amount remaining due thereon at this date is three thousand three hundred dollars. That the whole amount of purchase was about thirty-five hundred dollars. That the said goods consisted of cloths, trimmings and sailors' furnishing goods. That said goods were purchased at Providence, Rhode Island, where said Read resides. And we hereby state that the sum by us confessed is justly due to the said James H. Read, plaintiff, without any fraud whatever. Dated 17th February, 1854.

(Signed,)          THOMAS S. CLARK,
                   ISAAC R. HADWIN."

The attorneys, Vary & Clarke, had, at the time, in their hands for collection a claim of the defendants Abner and Horace French against Clark & Hadwin. After Clark & Hadwin had signed and verified the confession of judgment, Vary, one of the attorneys, handed them another paper with a request to sign it, saying "that it was that little affair of French's, some $1.62 or $1.75 costs;" and they signed it without knowing its contents; and supposing the attorneys had made a little expense on the French claim. The paper turned out to be an admission in the following form, attached to a summons and complaint in a suit by the defendants Abner French and Horace French against Clark & Hadwin: "We, Thomas S. Clark and Isaac R. Hadwin, hereby admit that we are the defendants mentioned and described in the feregoing summons and complaint, and we hereby admit service on each of us of a copy of the foregoing summons and complaint, this 23d day of January, 1854, at Ogdensburgh, N. Y., by B. H. Vary. (Signed,) Thomas S. Clark, Isaac R. Hadwin."

On the 18th of February, (the next day,) the attorney Vary filed the judgment roll in the case of the plaintiff, Read, and a judgment was docketed in his favor for $3306.63. At the same time he entered judgment by default for want of an answer in the suit of Abner French and Horace French against Clark & Hadwin. The roll was filed and judgment docketed for $986.87. Both judgments were docketed at half past eight o'clock in the morning.

About 10 o'clock in the forenoon of the 18th the attorneys Vary & Clarke delivered to the under sheriff of the county an execution on the French judgment, with directions to levy. He levied forthwith on the goods in the store of Clark & Hadwin. At 4 o'clock in the afternoon of the same day, Vary & Clarke issued execution on the plaintiff's judgment, and the same under sheriff levied it on the same store of goods.

Upon the discovery being made by Howlett the agent of

Read, and Clark & Hadwin, of the manner in which the French judgment had been obtained and the delivery and priority of execution under it, the attorneys, Vary & Clark, to avoid a motion being made to set aside the French judgment and execution, made and gave to the plaintiff's agent and Clark & Hadwin, with directions to deliver it to the sheriff, the following stipulation:

"SUPREME COURT.

| JAMES H. READ<br>*agst.*<br>CLARK & HADWIN. |
|---|

| ABNER FRENCH and HORACE P. FRENCH<br>*agst.*<br>CLARK & HADWIN. |
|---|

Whereas a misunderstanding has arisen in relation to the delivery and priority of executions in above causes, it was the intention of the defendants to have the execution in first above causes take priority on this confession.

It is hereby stipulated that the said execution have the priority and the same effect in law as if first delivered to the sheriff.   Ogdensburgh, February 28, 1854.

VARY & CLARKE,<br>Pl'ffs att'ys in each above causes."

This stipulation was read to, and the original left with, the under sheriff, by Howlett, on the 22d of March, 1854. The sheriff sold the property of Clark & Hadwin on the executions; and disregarding the stipulation, first applied the proceeds of the sales to the payment of the execution issued on the judgment of the defendants French, leaving a balance in his hands of about $1458.74, which he paid or caused to be paid to the plaintiff Read, or his representatives, towards satisfying his execution.   The sheriff admits that at the sale

of the property and before he could return either of the exe-
cutions, an injunction was served on him, restraining him
from paying over the moneys to any party or parties what-
ever, or from making any disposition of the proceeds at
said sale; that subsequently he returned the French exe-
cution satisfied, and the execution of the plaintiff as having
collected thereon $1458.74, and *nulla bona* as to the res-
idue, for which said execution was issued. So much of
the proceeds of the sales as are equal to the amount direct-
ed to be levied on the French execution is still in the hands
of the sheriff.

The judge found as facts, that the execution in favor of
the defendants Abner French and Horace French against
Clark & Hadwin, was as against the plaintiff Read, and as
against Clark & Hadwin, fraudulently issued; and that
Vary & Clarke executed the stipulation of the 28th of Feb-
ruary, 1854, as attorneys for the Frenches; and decided as
matter of law: 1st. That the attorneys, Vary & Clarke had
power to make the stipulation. 2d. That the defendant
Nott had no right to disregard such stipulation, but should
have followed and obeyed it. 3d. That the execution on
the judgment in favor of Abner and Horace French be
vacated from the time it issued, so far as it affects the ex-
ecution in favor of the plaintiff Read against Clark &
Hadwin; and that the execution in favor of Read have pref-
erence over the said execution in favor of the Frenches.
4th. That the moneys received from the sales of the property
of Clark & Hadwin be applied to pay and satisfy the judg-
ment in favor of Read before any portion of the same be
applied to satisfy and pay the execution in favor of the
Frenches. 5th. That the plaintiff recover of the defendant
Nott, sheriff of St. Lawrence county, the amount of moneys
so collected by him, and not paid over to said Read, after
deducting the sheriff's fees and poundage, viz. the sum of
$1261.41, with interest from the date of the decision, and

that the plaintiff recover of the defendant his costs in the action.

On the trial, when the plaintiff rested, the defendant Nott moved for a nonsuit, on the grounds, 1st. That the plaintiff's judgment was void because the affidavit and confession did not state the necessary facts to show an indebtedness from Clark &. Hadwin to the plaintiff. 2d. That Vary & Clarke, as attorneys, had no authority to make the stipulation put in evidence. 3d. That if the plaintiff has established a fraud on the part of the attorneys in obtaining the defendants' judgment, there is nothing to charge the sheriff with notice of or participation therein, and he is not liable. The nonsuit was denied.

At the close of the testimony the defendants French moved for a nonsuit, on the grounds: 1st. That the plaintiff has neither shown a valid agreement to give priority to his execution over French's nor any fraud in obtaining French's judgment. 2d. That the stipulation thus proved is void. It was made without authority, without consideration, in violation of rights vested in French, and for want of mutuality, and for want of proper parties. The motion was denied.

The defendant Nott also moved for a nonsuit on the same grounds as when the plaintiff rested, and on the further grounds that there was no proof of the service of the stipulation on Nott, and if there was, there is proof that the stipulation was waived and the sheriff directed to enforce the execution and pay French. The motion was denied.

Judgment being entered on the decisions of the judge, the defendants appealed to the general term of the Supreme Court, where the judgment was affirmed as against the defendants French, and modified as to the defendant Nott, so far as it charged him with costs, and without costs of the appeal, for or against him.

The defendants appealed to this court.

*Wm. C. Brown,* for the plaintiff.

*Myers & Westbrook,* for the defendants.

WRIGHT, J.    The question at issue was, whether the plaintiff or the defendants, Abner French and Horace French, were entitled to the proceeds arising from the sale of certain property by the defendant Nott, under and by virtue of two executions delivered to him as sheriff.    The sheriff assumed to decide the question of priority of the executions, in favor of the defendants French, and retain in his hands sufficient of the moneys to pay and satisfy their execution.    He has really no interest in the determination of the case, except as a mere stake holder.

It is a statutory provision, that if there be several executions issued out of a court of record, against the same defendants, that which shall have been first delivered to an officer to be executed shall have preference, (2 R. S. 366, § 14;) and in making a disposition of the proceeds of the sale of the property levied on, the sheriff must ordinarily be governed by the priority in the delivery of the executions to him.    The execution creditor may, however, waive the preference, or the prior execution may be withdrawn or postponed, or become dormant as to a subsequent one; in which case the latter would be entitled to be first satisfied from such proceeds.

The execution on the judgment in favor of the defendants French was, as respects its delivery to the officer, prior in point of time to the execution on the plaintiff's judgment; but these attorneys, who had fraudulently issued it, stipulated that it should be postponed to that of the plaintiff; or, in the language of the writing, the plaintiff's execution should "have the priority and the same effect in law as if first delivered to the sheriff."    If the attorneys had the authority to thus stipulate, it would end the case.    The judgment of the special term, in effect, simply declares this priority, and ad-

judges the money in the sheriff's hands realized by the sale, and not paid over to him, to belong to the plaintiff.

I have no doubt that the stipulation was within the scope of the authority of the attorneys of French. They had fraudulently obtained the French judgment, and issued execution thereon, securing for it a priority of lien. The judgment and execution would, on motion, have been set aside altogether; but to avoid this, they stipulated that the plaintiff's judgment and execution should have the preference. These powers extended to opening the default which they had taken, (whether properly or improperly,) and vacating the judgment entirely, even though their clients had instructed them to the contrary. A client has no right to interfere with the attorney in the due and orderly conduct of the suit; and certainly can not claim to retain a judgment obtained, and an execution issued by his attorney fraudulently. *(Anon.* 1 *Wendell,* 108; *Gaillard* v. *Smart,* 6 Cowen, 383.) So, also, the attorneys of French had control over the execution in every respect. They might have withdrawn it from the hands of the sheriff, or suffered it to become dormant as to a subsequent one, or have authorized the officer to depart from the regular and ordinary course of his duty. *(Corning* v. *Southland,* 3 Hill, 552; *Waters* v. *Sykes,* 22 Wend. 564.) An attorney has authority over an execution for at least a year and a day after judgment perfected in favor of his client, *(Lusk* v. *Harting,* 1 Hill, 659, and cases cited,) and may now even acknowledge satisfaction at any time within two years. (2 R. S., 2d-ed., 286, § 26.) The stipulation, therefore, of the attorneys of French postponing the French judgment and execution to that of the plaintiffs, was within their authority, and given upon adequate consideration, viz. that a motion should not be made to set aside their judgment altogether. Instead of being an act wholly irreconcilable with their duty as attorneys of the Frenches, (which it is claimed to have been,) it was the reverse; for the retaining

of an advantage obtained by artifice or fraud is not a duty which an attorney owes to his client.

One of the grounds on which the defendant Nott moved for a nonsuit was, that the plaintiff's judgment was void because the affidavit and confession did not state the necessary facts to show an indebtedness from Clark & Hadwin to the plaintiff. To this two or three answers may be made. 1st. The sheriff could not collaterally raise the question of the validity of the judgment; 2d. A judgment by confession is not absolutely void where there has been a defective statement, but is voidable only at the instance of a party interested; and 3d. The statement was sufficient. The objection urged is, that it does not show by whom or to whom the goods were sold. This is really frivolous. It is stated that Clark & Hadwin are indebted to Read in the sum of $3300, which indebtedness arose on account of goods purchased in the year 1853; that the whole amount of the purchase was $3500, and the amount remaining due at this date is $3000; that the goods consisted of cloth, trimmings, &c., and were purchased at Providence, Rhode Island, where said Read resides. It is true, it is not stated in terms that the goods were purchased by Clark & Hadwin from Read, but the words used plainly import the fact, and are susceptible of no other construction. (*Neusbaum* v. *Keim*, 24 N. Y. 325; *Lanning* v. *Carpenter*, 20 id. 447; *Freligh* v. *Brink*, 22 id. 418.)

The special term awarded costs against the sheriff, but the judgment in this respect was properly modified by the general term.

The judgment of the Supreme Court should be affirmed.

ROSEKRANS, J. The judgment in favor of the defendants French was clearly void, as it appeared that no action had ever been commenced against them by the service of a summons and complaint, and there was no confession of judgment, or authority given to enter one. Section 134 of the code requires that the service of a summons shall be made by de-

livering a copy thereof to the defendant personally. Section 246 provides that judgment may be had in an action on contract, for the recovery of money only, if the defendant fails to answer, upon the plaintiff's filing with the clerk, proof of *personal service* of the summons and complaint on one or more of the defendants, or of the summons alone pursuant to section 130. It will be perceived that the defendants, Clark & Hadwin, did not admit personal service of the summons and complaint. They merely admitted service of the summons and complaint on the 23d of January, 1854, without stating the mode in which the service was made. For aught that appeared the service may have been by publication under section 135, and the time of publication could not have elapsed when the judgment was entered. The summons and complaint may have been deposited in the post office at Ogdensburgh, in compliance with an order for publication. The written admission of a defendant of the service of a summons and complaint should state that the service was personal, by the delivery of a copy thereof to him, or the clerk has no power or authority to enter judgment under section 246 of the code. The proceeding by the Frenches was, in no sense, a confession of judgment; I think it was a nullity. The court had no jurisdiction until the service of the summons as prescribed by the code. But if the judgment in favor of the Frenches was a valid judgment, I think the evidence in the case was sufficient to show an understanding and agreement on the part of their attorneys that the judgment in favor of Read should be first entered up, and such proceedings taken as would secure his demand. Clark & Hadwin told Mr. Vary, when they applied to him to draw the confession, that they were owing Read and had agreed to secure him, and that they wished to give Read a judgment, and that Allen had commenced a suit and was about to take judgment. It certainly could not have been contemplated by Clark & Hadwin, or by Vary & Clarke, that any proceedings should be taken by the latter to

defeat the object which Clark & Hadwin had of securing Read. And as the Frenches had, as yet, commenced no action, Vary & Clarke were bound to do nothing which should defeat the purpose of Clark & Hadwin, which was made known when the confession was signed. The testimony of Vary goes to establish the agreement which the plaintiffs allege. He says that the admission of service of the summons in Frenches' case, was not spoken of until the confession was signed, and that he told Clark & Hadwin that his object was to get ahead of the judgment of Allen, and that was all that was said. No intimation was given that the admission was to be used for the purpose of defeating the object of securing Read's demand. Vary knew, at the time, that Clark & Hadwin were insolvent. They had talked of a compromise of their debts at 50 cents upon a dollar, and Winters' verification of the complaint in the French suit stated that Clark & Hadwin told him they could only pay $100 on the demand. He also testified that he supposed the court would set aside the French execution if an application was made by Read, and that he gave the stipulation to postpone it to Read, in order to avoid the motion. The stipulation made when Vary testified the whole transaction was fresh in his mind, stated that it was the intention of Clark & Hadwin to have Read's execution ahead of French's. He also testified that Clark & Hadwin told him, at the time he drew the confession, that their object was to secure Read. Upon this evidence no honest mind could fail to come to the conclusion, that the agreeement alleged in the complaint was fully proved. As no action had as yet been commenced by the Frenches, I think their attorneys were at liberty to make such agreement, and that the Frenches are responsible for the violation of it, or at all events can not reap the fruits of its violation. It appeared too that Vary & Clarke were attorneys for non-resident creditors, to collect the demand of the Frenches, and there can be no doubt that they had authority to give the stipulation postponing the execu-

tion of the Frenches to that of Read, (*Corning* v. *Southland*, 3 Hill, 552.) Ignoring the stipulation, they professed to act for the Frenches alone and to protect their interests, and did not violate the rule of law which prohibits a person acting as the agent of both parties to a contract. As the amendment of the complaint, allowed by the judge, changed the entire nature of the action, I think it was unathorized, but, if the views already expressed, as to the effect of the evidence on the question of the agreement to give Read's judgment preference over the Frenches, are correct, no amendment was necessary. Within the recent decisions of this court, the confession of judgment to Read was in conformity with the requirements of the code. (*Neusbaum* v. *Keim*, 24 N. Y. Rep. 325.)

The judgment should be affirmed.

All the Judges concurring,

Judgment affirmed.