## CLEMENTS v. GEROW.

September, 1864.

Reversing 30 Barb. 325.

In a statement of facts in a confession of judgment, under section 383 of the Code of Procedure, it is not necessary to state expressly the original amount of the indebtedness, for this may be inferred from the statement that the sum confessed is justly due, with data for precisely computing the amount of principal and interest respectively.[*]

The omission of a schedule, referred to in the statement as being annexed, does not make the judgment invalid.

Daniel Gerow confessed three judgments, in the supreme court, to William Clements, to Jacob Ryder, and to Cornelius Carpenter and others, respectively.

The statements in the three cases (after the usual consent to the entry of judgment), were as follows:

*In the Clements case :* " This confession of judgment is for a debt justly due to the plaintiff, arising upon the following facts : For money lent by said plaintiff to me, on April 1, 1856, and interest on the same from April 1, 1857."

*In the Ryder case:* " This confession of judgment is for a debt justly owing from me, and due to the plaintiff, arising

---

[*] Compare Acker v. Acker, p. 1 of this vol.; Ely v. Cook, and Gandall v. Finn, also reported in this series ; and Read v. French, 28 N. Y. 285; Frost v. Koon, 30 Id. 428 ; Ingram v. Robbins, 33 Id. 409; Union Bank v. Bush, 36 Id. 631.

from the following facts: For money borrowed by me, of him, in June, 1855, for which I gave him my note, and one year's interest thereon."

*In the Carpenter case:* "This confession of judgment is for a debt justly due and owing from me to the plaintiffs, for goods, wares and merchandise, groceries, dry goods, salt, calico, muslin, molasses, sugar and other articles sold and delivered by them to me, at various times within the last two years, as per the schedule annexed."

The Middletown Bank, which had also obtained a judgment in the supreme court against Gerow and others, applied to the court to vacate each of those three judgments, for insufficiency of statement. No schedule was in fact annexed to the last mentioned judgment, although one was referred to therein.

*The supreme court,* being of opinion (reported in 30 *Barb.* 325) that the omission to state how much the respective debts were, was a failure to show that the sum confessed did not exceed the amount of the debt—granted the motion. The creditors whose judgments were set aside severally appealed to this court from the order of the general term.

*John H. Reynolds,* for the several appellants.

*James Emott,* for respondents.

Davies, J.—We have had occasion frequently to examine the statements authorizing the confession of judgments under section 383 of the Code of Procedure. The principles enunciated in the various cases which have been under consideration in this court will, in their application, dispose of most, if not all the questions which can arise under this section. Two or three late cases decided here, are conclusive upon the question raised on the present appeals. The statements in the judgments in favor of Clements and Ryder, are in substance identical. The difference is of no moment. In the former case the money is stated to have been lent to the plaintiff by the defendant on a day certain. In the latter, the money is stated to have been borrowed by the defendant of the plaintiff, in June, 1855. In either case the facts are stated with suffi-

cient conciseness.  In Lanning v. Carpenter, 20 N. Y. 447, the
statement declared that the note mentioned therein was given
for money borrowed, and although the date of the note was
given, the date or time when the money was borrowed was not
given as in the present case.  In that case this court held the
judgment to have been entered upon a sufficient statement.
In Freligh v. Brink, 22 N. Y. 418, the statement declared the
indebtedness to have arisen on a promissory note, made by the
defendants to the plaintiff, giving its date, in the sum of seven
hundred dollars and interest, the amount of money being had
by the defendant of the plaintiff, and stating the amount then
due thereon.  This court held that statement sufficient.  It was
there said that the note is set out with all necessary particular-
ity as to the parties, date and amount, and it added, " that
amount of money being had by the defendant of the plaintiff.
It would be hypercritical to hold this not to be a statement
that the note was given for so much money that the defendant
had received of the plaintiff.  This shows it to have been
money borrowed by the parties who gave the note and con-
fessed the judgment to the payee of the note, who is plaintiff in
this judgment; for the advancing of money by one party to
another to be repaid at a future time, is a good definition of the
contract of lending.

The doctrine of these two cases fully sustains the correctness
of the statement of the cases of Clements and Ryder.  It is
urged that the statements do not state anything as to the
amount due; this we think an error; we think a natural and
obvious construction of the language used in Clements' case
is, that the amount due to him from the defendant, on the day
of the confession, was the sum of one thousand two hundred and
twenty-eight dollars and thirty cents, and that that sum was made
up of a certain sum of money loaned by the plaintiff to him on
April 1, 1856, together with the interest thereon from April 1,
1857, to September 17, 1857, the date of the confession, and
that the aggregate of principal and interest due on that day was
one thousand two hundred and twenty-eight dollars and fifty
cents; an arithmetical calculation from these data, will speed-
ily and accurately determine the precise amount of principal
and of interest separately entering into the amount of the in-

debtedness. The same remarks will apply to the statement in the case of Ryder. Both statements must be held sufficient within the principles settled by this court.

The confession in the case of Carpenter and others enumerates with particularity the articles sold and delivered by the plaintiff to the defendant, and the total amount thereof, to wit, one hundred and ninety dollars. It is true that it omits to state the date of the sale of each particular article, and the price thereof, but it sets forth the nature and kinds of goods purchased by the defendant of the plaintiff, and the time within which they were bought, namely, within two years preceding September 17, 1857. Reference was made to a schedule which it was intended to have annexed to the statement, but which would seem, for some reasons not stated, to have been omitted. If the statement is sufficiently concise within the language and meaning of the Code, its omission would not invalidate the judgment. In Neusbaum *v.* Keim, 24 *N. Y.* 325, we held a statement sufficient which was in this form : " this confession of judgment is for a debt justly due to the plaintiff, arising upon the following facts: the said plaintiff, at various times in the years 1854 and 1855, sold and delivered to me large quantities of meat, and upon such sale there is now justly due to the plaintiff as aforesaid a balance of the said sum of two thousand one hundred and fourteen dollars and sixty cents, with interest thereon from the 18th day of January, 1855."

We said, in reference to the statement, that it imported to a common intent, a dealing in butcher's meat between the parties, in which Keim was the purchaser from Neusbaum, and a delivery of the different parcels at divers times, so as to constitute an account between them. This indicates the facts out of which the indebtedness arose, as plainly as it could be done, without copying the items of the account. That such a prolix statement as a bill of parcels was not contemplated is evident from the admonition in the section (383) that the facts must be stated concisely. This case also disposes of the objection now urged, that the omission of the schedule referred to in the statement, made the judgment invalid. In Gandall *v.* Finn, the confession, after setting forth the amount for which judg-

ment was authorized, stated that "the above indebtedness arose on an account for goods, wares, and merchandise, and property sold and delivered to me by said plaintiff, and for which I have not paid." The supreme court set aside the judgment; but on appeal to this court the order was reversed and the statement held sufficient. It will be seen that the facts out of which the indebtedness arose in the Carpenter judgment, are more fully stated than in the judgment against Finn. In the latter statement, there was an omission of any time at which, or within which the sale and delivery of the goods specified was made. The statement in the Carpenter judgment must be regarded as more fully setting forth the facts out of which the indebtedness arose, than was done in the two cases above referred to in this court. We must regard them as having all that fullness and particularly contemplated by the Code, and that the three judgments above referred to against Gerow were valid and legal, and should not have been vacated The orders appealed from, vacating the same, must be reversed with costs.

T. A. JOHNSON, J.—The confession in each of these cases is for money due, and the statement in each shows the amount for which the judgment is to be entered, and that the sum confessed is justly due to the plaintiff. It also states concisely the facts out of which the indebtedness arose. The principal objection is that in neither statement is it set out, in express and specific terms, that the indebtedness was for the precise sum for which judgment is confessed. But it is unnecessary that this should be set out in exact and precise terms if the fact is made to appear by the statement. Lanning v. Carpenter, 20 N. Y. 447, 458. The fact certainly does appear from each of these statements. In each case the confession is for a certain amount stated, and for which judgment is authorized to be entered. The statement then proceeds; "This confession of judgment is for a debt justly due" from the defendant to the plaintiff. Here, then, is a definite and certain amount confessed, and the further unqualified statement that the confession is for a debt justly due. It says plainly, I confess judgment for this amount which is justly due. This is

the plain meaning of the statement, taken together, and no other meaning can be given to it without straining to defeat it. There is no good reason for attempting to interpret these statements in a captious and unfriendly spirit. All that is necessary is to see that the requirements of the Code are fairly and substantially complied with. There is certainly no obscurity about either of these statements, and, to my mind, no evidence of any attempt to omit or evade any requirement of the statute. They show with quite as much precision and certainty that the sums for which judgments are severally confessed are justly due, as does the statement in Lanning v. Carpenter, or that in Gandall v. Finn.

The order of the special term of the supreme court, setting aside these judgments, and the order of the general term affirming the same, should therefore both be reversed.

All the other judges concurred, except SELDEN, J., who was absent, and HOGEBOOM, J., who was for affirmance.

Orders of general and special terms reversed with costs.