By the Court.—O’Gorman, J.
Both the plaintiff and the defendants claim title, but in different ways, through William C. H. Waddell, general assignee in bankruptcy, and receiver of the assets of Ebenezer L. Williams, a bankrupt, deceased.
The real estate here in dispute, belonged to this Ebenezer Williams before his bankruptcy, in 1843, and had been mortgaged by him for the sum of $750, to John Finley and Benjamin Andrews, both deceased, and the main question in this case is, whether or not an action to foreclose that mortgage, brought by the executors of Benjamin Andrews, against the said Waddell as general assignee in bankruptcy, in the supreme court of this state, was well brought, and the judgment in favor of the plaintiffs therein, valid, and the sale thereunder in September, 1856, effectual to vest the title in the purchaser. If the proper answer to this question be in the affirmative, it sustains the title of the plaintiff.
*146 The defendants, on the other hand, deny the validity of that judgment and sale in foreclosure, and claims title under a sale of the mortgaged premises, to himself, by the said assignee in bankruptcy, under deed dated January 13, 1863. In addition to this deed of the premises, he relies on an assignment, to himself, by the administratrix and heirs at law of John H. Finley, one of the mortgagees, by which assignment, all their rights to the mortgaged premises and to the bond and mortgage were conveyed. If this deed and assignment be valid and effectual, the defendants’ contention should prevail. The burden of proving her title rests on the plaintiff.
Before considering this cardinal issue in the case, a preliminary objection, made by the defendants, calls for consideration. It is contended that this action should have been brought, not in the name of the guardian of the minor, but in the name of the minor as plaintiff, and that the complaint should have been dismissed on that account. The general term of this court, in its opinion heretofore rendered in this case (53 Super. Ct. 522) considered and overruled that objection. See also Cagger v. Lansing, 64 N. Y. 417, in which an action, so brought, was sustained.
The main contention as to the validity of the judgment and sale in foreclosure, under which plaintiff claims, arises thus: Ebenezer L. Williams, the original owner of the premises, was declared a bankrupt in 1843. He had previously mortgaged them to John H. Finley and Benjamin Andrews in 1835. William C. H. Waddell, was general assignee in bankruptcy, and became assignee of the estate of Williams. Finley, one of the mortgagees, died intestate, and indebted to Benjamin Andrews, the other mortgagee, in the sum of $197.74. Benjamin Andrews died in 1850, leaving a will, and his son, Benjamin Andrews, and his widow, were appointed his executors. In 1852, they assigned to one Lapaugh, the claim against Finley for this sum of $197.74, and Lapaugh commenced an action to recover *147 payment of this money against the administrators of Finley. In the judgment roll of this action, appears an indorsement on the summons: “ September 18, 1852. We admit personal service of a copy of the within summons on us this day. James Wilson, administrator of J. II. Finley, deceased. Sara S. Finley, administratrix of J. H. Finley, deceased.” No other evidence of service of the summons appears. In October, 1852, judgment in favor of Lapaugh in this action was entered for $197-74, and $161 interest. In 1854, an order was made by the surrogate, on notice to said administrators of Finley, deceased, that execution issue against them, for the amount of the judgment, and execution was issued and $70 made thereon. In 1855, Lapaugh obtained an order to examine Benjamin Andrews, said executor of his father Benjamin Andrews, deceased, as to property in his hands belonging to the estate of Finley. In obedience to this order, Benjamin Andrews, said executor, appeared and testified that he had found among the assets of his father the mortgage made by Williams in 1835, to Finley and Andrews, for $750. Thereupon in 1855, an order was made by Judge Clerke appointing J. F. Kendall, receiver of all property of the administrators of Finley. In September, 1855, the receiver assigned the mortgage to Benjamin Andrews and Elizabeth Andrews, as executors of Andrews, deceased. Thus, all the title to the mortgage became vested in these- executors of Benjamin Andrews, deceased, who had been originally one of the mortgagees, and entitled to one half of the amount lent on the mortgage, all the remaining interest, which had belonged to Finley, vesting in the said executors by this assignment from Kendall, as receiver.
The title to the mortgaged premises was vested in Waddell, the general assignee in bankruptcy of Williams the mortgagor, subject to the mortgage, and all equities, which would affect the bankrupt himself. Storm v. Waddell, 2 Sand. Ch. 503.
*148 An action was thereupon brought against Waddell as such assignee, by Benjamin Andrews and Elizabeth Andrews, executors, for foreclosure of that mortgage-, in the supreme court of this state, and the summons and notice of the object of the action were duly served on Waddell personally. No appearance being made, and no defense being made- by him, judgment of foreclosure and sale was entered, and the mortgaged premises were sold by the referee to sell, to George G. Andrews, through whom the plaintiff claims.
The defendants contend that this judgment of foreclosure is wholly void, inasmuch as the defendant named therein wras an assignee and receiver in bankruptcy, and that an action against him in a state court was not well brought, unless the consent of the Federal court had first been obtained.
The defendants’ argument depends on the position that the jurisdiction of the Federal court in all cases of bankruptcy, and as to all claims against the property of the bankrupt, real and personal, is paramount, and excludes all action therein of a state court. I do not find that this position is sustained, either directly, or by necessary inference, in the authorities cited by the learned counsel for the defendants. In these cases the court is careful to confine its decision to the special facts on which the controversy arose.
In the courts of this state, it has been held that to bring a suit against a general assignee or receiver in bankruptcy, without first procuring the leave of the Federal court, is not a jurisdictional defect, although it may be perhaps regarded as a contempt of court. Cleveland v. Boerum, 24 N. Y. 615; Chautauque Co. Bank v. Risley, 19 Ib. 376.
The intendment of law is that the state supreme court of general powers, has jurisdiction both over the subject matter of the action and the person of the defendant, unless the contrary appears, and the record of judgment is prima facie evidence, and will be held to *149 be conclusive, unless clearly and explicitly disproved. Bosworth v. Vandewater, 53 N. Y. 597.
In the case at bar, the assignee in bankruptcy received timely notice of the pendency of the action to foreclose, and could have appeared and defended, if any defense existed, or even after judgment was entered, would, no doubt, have been permitted, in the interest of justice, to present his defense. It is held that if he had appeared in the action he would have waived any objection, that might have been claimed to exist, as to the jurisdiction of the court. Eyster v. Gaff, 91 U. S. 521, 525. His failure to appear after service of the summons, etc., on him, should in justice and reason, have the same effect, and be treated as an admission that there was no real defense to the action.
The judgment in foreclosure being sustained, as being within the jurisdiction of the state supreme court, it follows that it cannot be assailed collaterally, and is of binding force and effect.
The defendants’ third objection that even if the judgment were valid, yet the sale was void, is not sustained. The defendants contend that the only office of the foreclosure suit in this case, was to establish the lien and determine the amount due, and that it had no power to decree a sale, because, by the decree in bankruptcy, the property was removed out of the jurisdiction of the state court. The authority on which the defendants rely in support of that position is Walling v. Miller, 108 N. Y 173. This case is not authority for the defendants’ argument, and has no bearing on the case at bar. It holds that where a receiver is appointed of chattel property, two days after levy of an execution against the judgment debtor the owner of the property, the sale of the property under this execution, without leave of the court appointing the receiver, and the taking of the same out of the possession of the receiver was unlawful. In the case at bar the property was real, not personal, and situate in the state of New *150 York; the mortgage was a specific lien on that property; and all that the receiver in bankruptcy took by virtue of his appointment, was .the equity of redemption. The existence of the mortgage unpaid, gave the mortgagee a lien on the premises, constituting a valuable property, including the right to foreclose in the state court and sell in order to obtain payment, and that property could not be taken without due process of law The judgment in foreclosure being held to be valid, it follows that the sale of the property under the judgment was also valid, in the absence of any attempt by affirmative action, before any tribunal, to set it aside.
The fourth objection, viz., that the sale was unauthorized because the property was, in contemplation of law, out of the state, is not sustained. The premises were and are both actually and in contemplation of law in the city of New York.
The fifth and sixth objections are overruled.
The seventh objection is that the clerk had no power to enter a judgment in the action of Lapaugh v. Finley’s Administrators, except on proof of service of process and of failure to answer. The case of Read v. French, 28 N. Y. 285, cited by defendants, is not in point. There, it did not appear in what manner service was made, whether it was personal or by publication. In the action here in question, personal service is admitted. Any mere irregularities are covered by the judgment itself.
The ninth objection, that the assignment by the receiver, Kendall, to-the executors of Andrews, was an assignment of the mortgage only, is overruled. There is no evidence in the case that the bond did not go with the mortgage, or that the bond was at the time of the assignment in any other hands but his. The cases where the bond was placed in the hands of one person as security for one sum of money lent on it, and another *151 and further sum was lent on the mortgage, have no analogy to the case at bar.
The tenth objection is overruled. The statement of the case shows that all the interests both of Benjamin Andrews and John H. Finley, the original mortgagees, vested in the executors of Andrews.
The eleventh objection is overruled. The case of Sanford v. Pollock, 105 N. Y. 452, cited by the defendants, relates to the question of liability of a married woman for rent on a lease, signed by her husband on her behalf, but without any evidence of his authority to bind her. It has no bearing on the case at bar.
These are the only objections which have seemed to me to require special attention or notice. The others are overruled.
The verdict for the plaintiff should be sustained, and judgment entered that the infant, Elizabeth B! Andrews, is the owner of the real estate in question, and that the plaintiff, as guardian, is entitled to the benefit of the same.
Freedman, J., concurred.