THEODORE SELIGMAN et al., Respondents, v. THE FRANCO-AMERICAN TRADING COMPANY, Appellant.

*Supreme Court, First Department, General Term, May 24, 1889.*

*Judgment. Confession.*—Where a judgment entered by confession contains no statement of facts from which the justice of the plaintiff's claim can be seen, and the plaintiffs fail to furnish, on demand, evidence that the amount allowed was a just and legal obligation against the judgment debtor, a receiver representing a judgment creditor may move to vacate such judgment though entered before his appointment, and is entitled, on motion, to a reference, on which proof can be required to be given by the judgment plaintiffs, or on their behalf, to establish their right as against the defendant, to the amount entered in the judgment, or to some portion of it; and if the amount has been overcharged, the judgment should be reduced accordingly.

Appeal by the receiver of the property of the defendant, from an order denying a motion to vacate a judgment entered on confession.

*O. J. Wells*, for appellant.

*George W. Seligman*, for respondents.

DANIELS, J.—The judgment was confessed on the 5th of October, 1888, for an indebtedness stated to be owing to the plaintiffs for professional services as the defendants' attorneys and counsel, and on the twenty-sixth of December of the same year, the plaintiff was appointed receiver of the property of the defendant at the suit of a judgment-creditor, whose execution had been returned unsatisfied.

The statement for the judgment was drawn with very great brevity, barely complying, if indeed it did comply, with what has been directed to be stated in it, to render it

legal and regular, by subdivision 2, section 1274 of the Code of Civil Procedure. That subdivision requires that the statement must show that the sum confessed is justly due, or to become due, while the statement itself contains no more than that the plaintiffs, as defendants' attorneys and counsel, had general charge and conduct of its legal affairs, and rendered services from the 1st of January, 1884, to the 1st of October, 1885, of the reasonable value of $2,500. The receiver considering that the statement was too deficient to comply with this direction of the law, or that the amount allowed was greater than the value of the services rendered, applied to vacate or set aside the judgment, after endeavoring to obtain a further statement disclosing the justice of the amount allowed by the judgment.

To defeat the application, the plaintiffs have taken the position that the receiver was not authorized to make it, and the case of Whittelsey *v.* Delaney (73 N. Y. 571), has been brought to the attention of the court, as an authority sustaining this position. But that case is entitled to no such weight or effect. For there the action was brought to vacate a judgment on the ground that it had been fraudulently recovered, and the court held that an action by the receiver was there necessary to secure that relief. In this respect it followed the decision made in Tracy *v.* First National Bank, etc. (37 N. Y. 523), which decided that a receiver could not move to vacate an attachment, as the law then existed, without first making himself a party to the action.

But the judgment, against which the receiver in this case endeavored to obtain relief, was entered on confession, and it has been the practice of the courts at all times to interfere in the way of vacating, modifying, or reducing such judgments, by way of motion, and at the instance of other parties whose interests or rights may be shown to require protection against the judgment; and accordingly a subsequent judgment-creditor was permitted to move to vacate

the preceding judgment by confession, and that judgment was set aside on his application, in Chappel *v.* Chappel (2 Kernan, 215). And the principle upon which that decision was made is supported in Read *v.* French (28 N. Y. 285). A judgment entered upon the confession of the defendant stands upon different grounds from one recovered by an actual adjudication of the court, and will not be allowed injuriously to defeat or postpone the legal rights of other parties.

The receiver appointed in this case represented a judgment-creditor, and being vested with his rights, was authorized, under these authorities, to make this application; and from the very brief, if not materially defective, statement made for the plaintiffs' judgment, he was justified in moving to vacate it, or to secure such an investigation concerning the amount mentioned in it as would prove the plaintiffs to be entitled to its allowance. And this rule applies with peculiar force to transactions between attorneys and clients. The relation is of a confidential character, and liable to be used by the attorneys for their advantage, to the prejudice of the parties employing them, as well as of other creditors. And to sustain transactions between the attorney and client, actual proof of good faith and fair dealing has been required by the law; and to promote that, the receiver was entitled to a statement supported, at least, by the evidence of the attorneys, showing that the amount allowed by the judgment was a just and legal claim against the defendant. That they failed to furnish, and as the judgment contains no statements of facts from which the justice of the plaintiffs' demand can be seen, a reference should be ordered, upon which proof should be required to be given by them, or in their behalf, to establish their right, as against the defendant, to this sum of money, or to some portion of it, and if the amount has been overcharged, then the judgment should be correspondingly reduced.

The order from which the appeal has been taken should

be reversed, with ten dollars' costs and the disbursements, and an order entered directing this reference.

VAN BRUNT, Ch. J., concurs; BRADY, J., concurs in result.