Hugo Weil, Appellant, *v.* Charles A. Hill, Defendant. (Action No. 1.)

Embree Hill, Respondent, *v.* Charles A. Hill, Defendant. (Action No. 2.)

*Judgment by confession — essentials of the defendant's statement.*

The defendant's statement of the facts out of which the debt for which a money judgment is confessed arose, required by section 1274 of the Code of Civil Procedure as the basis for such a judgment by confession, should furnish sufficient facts to enable any party interested to investigate the transaction and ascertain the truth and accuracy of the statement.

Appeal by the plaintiff in action No. 1, Hugo Weil, from an order of the Supreme Court, made at Special Term and entered in the office of the clerk of Westchester county on the 19th day of April, 1893, denying the appellant's motion to have a confession of judgment entered in favor of the plaintiff in action No. 2 set aside.

*Alex. Finelite,* for plaintiff and appellant in action No. 1.

*Henry C. Henderson,* for plaintiff and respondent in action No. 2.

Dykman, J.:

The plaintiff in action No. 2 obtained a judgment by confession against the defendant in that action on the 6th day of October, 1892, for the sum of $8,016.50.

The plaintiff in action No. 1 obtained a judgment in that action against the defendant on the 22d day of November, 1892, for the sum of $192.18.

The plaintiff in action No. 1 made a motion to set aside the judgment in action No. 2 on the ground of the insufficiency of the statement upon which it was entered.

That motion was denied, and this appeal is from that order of denial.

The question upon this appeal, therefore, is whether the statement is a sufficient compliance with the provision of the Code under which it was made.

So far as this case is concerned, the judgment being for money due, the requirement of the statute in respect to the written statement is this : "It must state the sum for which judgment may be entered and authorize the entry of judgment therefor. If the judgment to be confessed is for money due or to become due, it must state concisely the facts out of which the debt arose, and must show that the sum confessed therefor is justly due or to become due." (Code. Civ. Proc. § 1274.)

This section of the statute has remained substantially unchanged and in its present form since the adoption of the Code, in 1848. Such alterations as it has received have been made to avoid repetition and secure grammatical accuracy. (Note to § 1274.)

The language has not been free from obscurity, and in the early days of the first Code the section came many times before the courts for construction, and the adjudicated cases in which the statute came under review are authority now, because, as we have already said, it has remained substantially unchanged.

The rule established by the reported cases seems to be that "the concise statement of facts out of which the indebtedness arose is required, so that any party interested may be able to investigate the matters and thus ascertain whether the confession of judgment was accurate, honest and *bona fide.* It may also be supposed that it was the purpose of the Legislature that the statement of facts should be so definite that the affiant would be exposed to punishment for perjury in case of any misstatement." ( *Wood* v. *Mitchell,* 117 N. Y. 441.)

Turning now to the statement in this case we may examine it in the light of this rule. The statement is as follows :

" I do hereby confess judgment in this action in favor of Embree Hill for the sum of eight thousand dollars, and authorize judgment to be entered therefor against me.

"This confession of judgment is for a debt justly incurred and now due to the plaintiff, arising upon the following facts: That at the time I began business as a producer of milk and farmer the plaintiff furnished me with cows, horses, wagons and other articles, and utensils required in the business, and hired a farm for me, paying the rent therefor, and has since that time advanced me moneys to enable me to conduct said business and to support my family, down to the present time, which said money so advanced and the horses, cattle, wagons and utensils furnished as aforesaid, were worth upwards of eight thousand dollars."

The statement was signed and verified by the defendant in the manner required by the statute.

Thus we have a statement that the amount for which the judgment is confessed is due for cattle, horses, wagons and agricultural implements, rent of a farm paid by the plaintiff and money advanced for the conduct of the business and support of the defendant's family, and although no dates are given, the advancement of money in the business continued to the time of the confession of judgment.

It is easily inferred that the farming by the defendant had been continuous, and so the indebtedness had been incurred from time to time for a year or more previous to October, 1892.

The statement is as particular and full as the statements in the cases of *Neusbaum* v. *Keim* (24 N. Y. 329); *Lanning* v. *Carpenter* (20 id. 447), and *Freligh* v. *Brink* (22 id. 418), and all those statements received the approbation of the Court of Appeals.

It furnished sufficient facts to enable any party interested to investigate the transactions and ascertain the truth and accuracy of the statement.

It would be easily ascertained whether the defendant hired a farm and engaged in the milk business, and whether the plaintiff paid the rent therefor. Also whether stock and implements were furnished by the plaintiff to the defendant, and the time of all those transactions.

Our conclusion is that the statement is sufficient, and that the order should be affirmed, with ten dollars costs and disbursements.

BARNARD, P. J., concurred; PRATT, J., not sitting.

Order affirmed, with costs and disbursements.