WILLIAM CLEMENTS, Appellant, v. DANIEL GEROW.

JACOB RYDER, Appellant, v. DANIEL GEROW.

CORNELIUS CARPENTER, and others, Appellants, v. DANIEL GEROW.

THE MIDDLETOWN BANK, Respondent, v. DANIEL GEROW, and others.

A statement upon which to enter a judgment by confession, under section 383 of the Code, in these words: "This confession of judgment is for a debt justly due to the plaintiff, arising upon the following facts: For money lent by said plaintiff to me on the first day of April, 1856, and interest thereon from the first day of April, 1857," is sufficient.

A statement in these words: "This confession of judgment is for a debt justly owing from me and due to the plaintiff, arising from the following facts : For money borrowed by me of him in June, 1855, for which I gave him my note and one year's interest thereon," is sufficient.

A statement in these words: "This confession of judgment is for a debt justly due and owing from me to the plaintiffs for goods, wares and merchandise, groceries, dry goods, salt, calico, muslin, molasses, sugar and other articles sold and delivered by them to me, at various times within the last two years, as per schedule annexed," is sufficient, although no schedule is in fact annexed to the confession.

If a statement is sufficiently concise, within the language and meaning of the Code, the omission of a schedule therein referred to as "annexed," will not invalidate the judgment.

THESE are appeals by William Clements, Jacob Ryder, and Cornelius Carpenter and others, as the plaintiffs in these several judgments rendered in the Supreme Court, upon confession against Daniel Gerow, from three several orders of the Supreme Court, setting aside said judgments on the application of the Middletown Bank, for a supposed defect in the statement of confession. On the 16th of October, 1857, the Middletown Bank obtained a judgment in the Supreme Court against Daniel Gerow and others, and on the 19th of October, 1857, a transcript thereof was filed, and the judgment became a lien on the lands of Gerow, in the county of Sullivan. Prior to this time, and on the 17th of September, 1857, Gerow had confessed a judgment to

38

Clements for $1,242.60, another to Jacob Ryder for $327.10, and another to Cornelius Carpenter and others for $196.10, the judgment rolls in each case being filed in the clerk's office of Sullivan county, and judgment entered.

In the case of Clements, the statement on confession is as follows: " I do hereby confess judgment in this cause in favor of William Clements, the plaintiff, for the sum of one thousand two hundred and twenty-eight dollars and fifty cents, and authorize judgment to be entered therefor against me. This confession of judgment is for a debt justly due to the plaintiff, arising upon the following facts: For money lent by said plaintiff to me on the first day of April, 1856, and interest thereon from the first day of April, 1857."

In the case of Ryder, it was as follows: "I do hereby confess judgment in this cause, in favor of Jacob Ryder, of Westchester county, the plaintiff, for the sum of three hundred and twenty-one dollars, and authorize judgment to be entered therefor against me. This confession of judgment is for a debt justly owing from me, and due to the plaintiff, arising from the following facts: For money borrowed by me of him in June, 1855, for which I gave him my note and one year's interest thereon."

In the case of Carpenter and others, the statement was as follows: " I do hereby confess judgment in this cause in favor of the plaintiffs, for one hundred and ninety dollars, and authorize judgment to be entered therefor against me. This confession of judgment is for a debt justly due and owing from me to the plaintiff, for goods, wares and merchandise groceries, dry goods, salt, calico, muslin, molasses, sugar and other articles sold and delivered by them to me, at various times within the two last years, as per schedule annexed.

No schedule was in fact annexed to the confession. The Middletown Bank, on motion, applied to the Supreme Court at Special Term to set aside the judgments on the ground that the statements were not in compliance with the provisions of the Code, and that court granted the motion and vacated the judgments. The orders were affirmed at the General Term, and the plaintiffs in these three actions appeal to this court.

DAVIES, J.   We have had occasion frequently to examine
the statements authorizing the confession of judgments
under the 383d section of the Code.   The principles enun-
ciated in the various cases which have been under considera-
tion in this court will, in their application, dispose of most, if
not all of the questions which can arise under this section.
Two or three late cases decided here, are conclusive upon the
question raised on the present appeals.   The statements in
the judgments in favor of Clements and Ryder, are in substance
identical.   The difference is of no moment.   In the former
case the money is stated to have been lent by the plaintiff to
the defendant on a day certain.   In the latter, the money is
stated to have been borrowed by the defendant of the plain-
tiff, in June 1855.   In either case the facts are stated with
sufficient consciseness.   In *Lanning* v. *Carpenter* (20 N. Y.,
447) the statement declared that the note mentioned therein
was given for money borrowed, and although the date of the
note was given, the date or time when the money was bor-
rowed was not given as in the present case.   In that case
this court held the judgment to have been entered upon a
sufficient statement.   In *Freligh* v. *Brink* (22 N. Y., 418),
the statement declared the indebtedness to have arisen on a
promissory note, made by the defendants to the plaintiff,
giving its date, in the sum of $700 and interest, that amount
of money being had by the defendant of the plaintiff, and
stating the amount then due thereon.   This court held that
statement sufficient.   It was there said that the note is set
out with all necessary particularity as to parties, date and
amount; and it is added, "that amount of money being had
by the defendant of the plaintiff."   It would be hyper-
critical to hold this, not to be a statement that the note was
given for so much money that the defendant had received of
the plaintiff.   This shows it to have been money borrowed
by the parties who gave the note and confessed the judgment
to the payee of the note, who is plaintiff in this judgment;
for the advancing of money by one party to another to be
repaid at a future time, is a good definition of the contract
of lending.

The doctrine of these two cases fully sustains the correctness of the statement in the cases of Clements and Ryder. It is urged that the statements do not state anything as to the amount due; this we think an error; we think a natural and obvious construction of the language used in Clements' case is, that the amount due to him from the defendant on the day of the confession, was the sum of $1,228.50, and that that sum was made up of a certain sum of money loaned by the plaintiff to him on the first day of April, 1856, together with the interest thereon from April 1, 1857, to September 17th, 1857, the date of the confession, and that the aggregate of principal and interest due on that day was $1,228;50; an arithmetical calculation from this data, will speedily and accurately determine the precise amount of principal and of interest separately entering into the amount of the indebtedness. The same remarks will apply to the statement in the case of Ryder. Both statements must be held sufficient within the principles settled by this court.

The confession in the case of Carpenter and others, enumerates with particularity the articles sold and delivered by the plaintiff to the defendant, and the total amount thereof, to wit, $190.00. It is true that it omits to state the date of the sale of each particular article and the price thereof, but it sets forth the nature and kind of goods purchased by the defendant of the plaintiff, and the time within which they were bought, namely, within two years preceding September 17, 1857. Reference was made to a schedule which it was intended to have annexed to the statement, but which would seem, for some reason not stated, to have been omitted. If the statement is sufficiently concise within the language and meaning of the Code, its omission would not invalidate the judgment. In *Newsbaum* v. *Kewin* (24 N. Y., 325), we held a statement sufficient which was in this form : " this confession of judgment is for a debt justly due to the plaintiff, arising upon the following facts : the said plaintiff, at various times in the years 1854 and 1855, sold and delivered to me large quantities of meat, and upon such sale there is now justly due to the plaintiff as aforesaid a balance of the said sum

of $2,114,60, with interest thereon from the 18th day of January 1855." We said in reference to that statement, that it imputed to a 'common intent, a dealing in butcher's meat between the parties, in which Kewin was the purchaser from Newsbaum, and a delivery of the different parcels at divers times, so as to constitute an account between them. This indicates the facts out of which the indebtedness arose, as plainly as it could be done, without copying the items of the account. That such a prolix statement as a bill of parcels was not contemplated is evident from the admonition in the section (383) that the facts must be stated concisely. This case also disposes of the objection now urged, that the omission of the schedule referred to in the statement, made the judgment invalid. *Lockwood* v. *Finn*, was heard in this court at the October Term 1863, and decided in December of that year. In that case the confession, after setting forth the amount for which judgment was authorized, stated that "the above indebtedness arose on an account for goods, wares, and merchandise, and property sold and delivered to me by said plaintiffs, and for which I have not paid." The Superior Court set aside the judgment, but on appeal to this court the order was reversed and the statement held sufficient. It will be seen that the facts out of which the indebtedness arose in the Carpenter judgment, are more fully stated than in the judgment against Finn. In the latter statement, there was an omission of any time at which, or within which the sale and delivery of the goods specified was made. The statement in the Carpenter judgment must be regarded as more fully setting forth the facts out of which the indebtedness arose, than was done in the two cases above referred to in this court. We must regard them with all that fullness and particularity contemplated by the Code, and that the three judgments above referred to against Gerow were valid and legal, and should not have been vacated. The orders appealed from, vacating the same must be reversed with costs.

JOHNSON, J. The confession in each of these cases is for money due, and the statement in each shows the amount

for which the judgment is to be entered, and that the sum confessed is justly due to the plaintiff. It also states concisely the facts out of which the indebtedness arose. The principal objection is that in neither statement is it set out, in express and specific terms, that the indebtedness was for the precise sum for which judgment is confessed. But it is unnecessary that this should be set out in exact and precise terms if the fact is made to appear by the statement. (*Lanning* v. *Carpenter*, 20 N. Y., 447–458.) The fact certainly does appear from each of these statements. In each case the confession is for a certain amount stated, and for which judgment is authorized to be entered. The statement then proceeds : " This confession of judgment is for a debt justly due" from the defendant to the plaintiff. Here, then, is a definite and certain amount confessed, and the further unqualified statement that the confession is for a debt justly due. It says plainly, I confess judgment for this amount which is justly due. This is the plain meaning of the statement, taken together, and no other meaning can be given to it without straining to defeat it. There is no good reason for attempting to interpret these statements in a captious and unfriendly spirit. All that is necessary is to see that the requirements of the Code are fairly and substantially complied with. There is certainly no obscurity about either of these statements, and, to my mind, no evidence of any attempt to omit or evade any requirement of the statute. They show with quite as much precision and certainty that the sums for which judgments are severally confessed are justly due, as does the statement in *Lanning* v. *Carpenter*, *supra*, or that in *Gamble* v. *Finn*, decided in this court at the last December Term.

The order of the Special Term of the Supreme Court, setting aside these judgments, and the order of the General Term, affirming the same, should therefore both be reversed.

HOGEBOOM, J., was for affirmance. All the other judges being for reversal.

Judgment reversed.