EDWARD HARRISON, Appellant, *v.* MICHAEL GIBBONS,
Respondent.

A statement for judgment by confession authorized judgment for the amount of two items, and alleged it was for a debt justly due the judgment-creditor ; as to one of the items, it alleged, in substance, that the judgment-debtor "had and obtained groceries, provisions, money," etc., of one O., to the amount claimed, specifying in a general way the time. *Held,* that this was a sufficient statement "of the facts out of which" the indebtedness arose to authorize a judgment under the Code (section 383, sub. 2); that, although the statement as to time was indefinite, this did not invalidate the statement.

The sufficiency of the statement, as to the other item, was not questioned ; judgment was perfected upon the statement, and upon execution issued thereon, personal property was levied upon and sold more than sufficient to pay and satisfy that item. Subsequently real estate of the judgment-debtor was sold. A motion on behalf of another judgment-cred-

itor, whose judgment was perfected after sale of the personal property to set aside the sale of the real estate, was granted. *Held*, error; that conceding that the statement was defective as to the contested item, the judgment was valid between the parties; that, in the absence of any special arrangement, the law applied the sum realized upon the sale of the personal property, generally upon the judgment; and that the debt, being *bona fide*, there was no equity in favor of subsequent judgment-creditors to have said sum applied to extinguish the item, as to which the statement was sufficient, in order to make the sale of the real estate void.

(Argued September 25, 1877    decided October 9, 1877.)

APPEAL from orders of the General Term of the Supreme Court, in the fourth judicial department, affirming orders of Special Term vacating a judgment by confession herein, and setting aside a sheriff's sale and certificate of sale of real estate, on execution issued on said judgment.

On the 29th of March, 1875, the plaintiff recovered a judgment, by confession herein, for $1,207.69, consisting of two items; one of $1,109.49, and the other of $98.20. The material portion of the statement upon which the judgment was entered, is set forth in the opinion. Execution was issued upon said judgment, under and by virtue of which personal property of the judgment-debtor was levied upon and sold, realizing about $130. Subsequently, and in July, 1875, certain real estate of the judgment-debtor was also sold under the execution, bid in by plaintiff, and a certificate of sale issued to him by the sheriff. In August, 1875, the respondent, Keltner, recovered a judgment against Gibbons, the defendant herein, and moved to vacate the judgment herein as to the item of $1,109.49, and to set aside the sheriff's sale and certificate. The court granted the motion, holding, as stated in the order, "that the sale of the personal property operated to extinguish that part of the judgment held valid."

*J. C. Cochrane*, for appellant. The statement in the confession that defendant had had and obtained the goods, was sufficient. (*Freligh* v. *Brink*, 22 N. Y., 418; *Read* v.

*French*, 28 id., 285; *Neusbaum* v. *Kein*, 24 id., 325; *Hopkins* v. *Neilson*, id., 518; *Thompson* v. *Van Beckten*, 27 id., 569; *Purdy* v. *Upton*, 10 How., 494.)

*Theo. S. Dean*, for respondent.

ANDREWS, J.   There is no appeal from that part of the order of the Special Term, which sustained the judgment as to the item of $98.28 embraced in the statement.   The Special Term set aside the judgment as to the other item of $1,109.41 as against Kettner, a subsequent judgment-creditor, on the ground of the insufficiency and indefiniteness of the statement in respect of the origin and consideration of the alleged indebtedness.

The correctness of the order of the Special Term setting aside this part of the judgment depends upon the consideration whether the statement concisely stated " the facts out of which " the indebtedness arose, within the meaning of the Code, section 383, sub. 2.   The statement authorizes judgment to be entered for the aggregate amount of the two items, and alleges that the judgment is confessed for a debt justly due to Harrison, and proceeds as follows : " The following is a statement of facts upon which said confession of judgment is founded ; that said Gibbons was for a long time absent from the State of New York, and engaged in the occupation of mining in the State of California, and territory thereto adjoining ; that during his said absence, and prior to his leaving said Brockport for said California, he has and had obtained groceries, provisions, crockery, money, flour, etc., to the amount of $1,109.41, including interest of John Owens, who has duly assigned the same to said Harrison ; that since his return to said Brockport he has incurred a debt to said Harrison amounting to the sum of $92.28, being for groceries, provisions furnished by said Harrison for the use of his family ; that there is now justly due and owing said Harrison, over and above all effects and payments, the sum of $1,207.69." Since the adoption

of the Code, many decisions have been made in respect
to the sufficiency of statements in judgments by confes-
sion, and judges have differed in their construction of
section 383, and as to the degree of certainty and particu-
larity necessary in setting out the nature, consideration, and
circumstances of the debt or liability for which the judg-
ment is confessed. But the case of *Freligh* v. *Brink*, (22
N. Y., 418), is an authority which we think sustains the
sufficiency of the statement in this case. In *Freligh* v.
*Brink*, the statement alleged an indebtedness justly due upon
a promissory note, describing it, and after the statement of the
amount, it is added, "that amount of money being had by the
defendant of the plaintiff," and the statement contained no
further specification of the origin or consideration of the debt.
This court held the statement sufficient. DENIO, J., said:
"It would be hypercritical to hold this not to be a statement
that the note was given for so much money that the defend-
ant had received of the plaintiff, and when it is added that
the sum for which the judgment was confessed, which is
less than the amount of the note and interest thereon, is
justly due from the debtor, it is sufficiently shown that the
money was had by the debtors under a contract to repay it
with interest. This shows it to have been money borrowed
by the parties who gave the note." In the statement
now before us, the allegation is that the judgment-debtor
"had and obtained" groceries, provisions, money, etc.,
of Owen, the assignor of Harrison, to the amount stated,
specifying in a general way the time when the indebt-
edness arose. As to the money part of the clause, *Freligh*
v. *Brink* is a direct authority sustaining the sufficiency of
the statement, and an averment that A. had and obtained
from B. goods of a specified amount or value, is equivalent
to an averment that B. furnished them to A. at A.'s request,
and in ordinary understanding imports a sale and purchase.

The statute requires a concise statement, and certainty to
a common intent satisfies the language and intent. The
specification as to the time when the indebtedness arose is

indefinite, but this does not invalidate the statement—it being sufficient in other respects. In *Freligh* v. *Brink*, there was no specification of the time when the loan was made. (See *Ely* v. *Cooke*, 28 N. Y., 365; *Frost* v. *Koon*, 30 id., 442.) Our conclusion, therefore, is that the order of the Special Term setting aside the judgment as to the item of $1,109.41 was erroneous. But, assuming that the order in this respect was right, the further order setting aside the sale of the real estate of Gibbons on the execution on the judgment cannot be sustained. The ground on which the Special Term proceeded is specified in the order, viz., that the prior sale of the personal property of Gibbons on the execution in April, 1875, on which plaintiff realized about $130, extinguished the valid portion of the judgment, and rendered the subsequent sale of the real estate thereon void. The judgment as between the parties to it was valid, although the statement was defective. (*Neusbaum* v. *Keim*, 24 N. Y., 325.) The debt was *bona fide*. The personal property was sold on the execution, before the judgment in favor of Keltner was recovered. In the absence of any special arrangement, the law applied the sum realized on the sale generally upon the judgment, and there is no equity in favor of the subsequent judgment-creditors to have it applied to extinguish the item in the plaintiff's judgment, as to which the statement was not defective, in order to make the subsequent sale of the real estate void, as if made upon a paid or satisfied judgment. The court may, in its discretion, relieve against judicial sales and set them aside, when it would be inequitable to allow them to stand; but the court, in this case, did not set aside the sale upon equitable grounds, in the exercise of its discretion, but upon the theory that the sale of the personal property for a sum sufficient to pay the $98.28, in law, made a subsequent sale void. In this, we think, the court was in error.

The orders of the General and Special Terms should be reversed.

All concur, except FOLGER and MILLER, JJ., absent.

Orders reversed.