# THE CITIZENS' NATIONAL BANK OF HORNELLSVILLE RESPONDENT, *v.* ISAAC ALLISON.

*Judgment by confession — when the statement of the facts out of which the debt arose is insufficient — Code of Civil Procedure, sec. 1274, sub. 2.*

A judgment was entered in favor of the assignee of a firm, by confession, the debtor stating that it was confessed "for money due to the said plaintiff as assignee aforesaid, and (that) the following is a concise statement of the facts out of which the debt arose, constituting the liability, it being for money borrowed or had of said Mortimer Allison and Lawrence Allison, at the Bank of Canisteo, on four bank notes, as follows : One note of $2,000, dated April 4, 1883, due in three months from the date thereof ; one note of $2,000, dated June 9, 1883, due in three months from the date thereof ; one note of $2,000, dated August 9, 1883, due in six months from the date thereof; one note of $2,000, dated September 8, 1883, due in three months from the date thereof. All of said notes are now due and unpaid, and were made payable at the Bank of Canisteo, N. Y., and the sum confessed therefor is justly due, and does not exceed the amount of the liabilities."

*Held*, that the statement did not show that any money was due from the judg-

ment debtor to the firm or the assignee, and that it was not sufficient within the requirements of subdivision 2 of section 1274 of the Code of Civil Procedure, to support the judgment entered upon it.

APPEAL by Jackson W. Bowdish from an order made at the Monroe Special Term, on the motion of the above named plaintiffs, setting aside a judgment, entered in favor of Jackson W. Bowdish against the defendant Isaac Allison by confession ; the execution issued thereon and the sale of the property by virtue thereof.

*A. M. Burrell,* for the appellant.

*W. F. Cogswell,* for the respondent.

HAIGHT, J. :

On the 30th day of April, 1884, the plaintiff obtained a judgment against Isaac Allison for $12,785.03. On the twenty-ninth day of July thereafter an execution was issued thereon to William Murray, a deputy sheriff, who on the ninth day of August levied upon a stock of shoes in the factory formerly carried on by Allison. On the 8th day of November, 1884, an order in aid of the execution was made, requiring Allison to appear and be examined concerning the property, and in the order he was enjoined from making any transfer or disposition of the property. The order was duly served and Allison had appeared from time to time before the referee and been examined. One Bowdish was present at such examination. On the 4th day of December, 1884, and during the pendency of such proceedings, Allison confessed a judgment in favor of Jackson W. Bowdish, as assignee of Mortimer Allison and Lawrence Allison, for the sum of $8,689.33. On the same day an execution was issued thereon and delivered to one McConnell, another deputy sheriff, who, on the same day, levied on the same property, and advertised the same for sale, and six days thereafter the property was sold and bid in by Bowdish for the sum of $150. The property so sold and bid in by Bowdish was of the value of $2,000 and upwards. The plaintiffs had no notice of such confession of judgment, levy or sale until after the sale had been made. Immediately upon discovering these facts motion was made to the Special Term to have the same set aside, and from the order granting such motion this appeal was taken.

The first question which it becomes necessary to determine is whether or not the judgment entered in favor of Bowdish, upon the confession of Allison, is a good and valid judgment. The statement is as follows :

" I, Isaac Allison, the defendant named in the above entitled action, do hereby confess judgment in favor of Jackson W. Bowdish, assignee of Mortimer Allison and Lawrence Allison, for the benefit of creditors, under the general assignment act of 1877, the plaintiff therein named, for the sum of eight thousand six hundred and eighty-nine dollars and thirty-three cents, and do hereby authorize the said plaintiffs to enter judgment therefor against me. This confession of judgment is for money due to the said plaintiff as assignee aforesaid, and the following is a concise statement of the facts out of which the debt arose, constituting the liability ; it being for money borrowed or had of said Mortimer Allison and Lawrence Allison at the Bank of Canisteo, on four bank notes, as follows : One note of two thousand dollars, dated April 4, 1883, due in three months from the date thereof ; one note of two thousand dollars, dated June 9, 1883, due in three months from the date thereof ; one note of two thousand dollars, dated August 9, 1883, due in six months from the date thereof ; one note of two thousand dollars, dated September 8, 1883, due in three months from the date thereof. All of said notes are now due and unpaid and were made payable at the Bank of Canisteo, N. Y., and the sum confessed therefor is justly due and does not exceed the amount of the liabilities.

" (Signed)     ISAAC ALLISON,

" *Defendant.*"

Subdivision 2 of section 1274 of the Code provides : " If the judgment to be confessed is for money due or to become due, it must state concisely the facts out of which the debt arose, and must show that the sum confessed therefor is justly due or to become due."

The question is, does this statement contain the facts out of which the debt arose, concisely stated ? It will be observed that Isaac Allison in no place states that he owed Mortimer Allison and Lawrence Allison any sum whatever. He does state that the confession of judgment is for money " due to the said plaintiff as assignee

aforesaid." He does not, however, state that the money was due from him. Further on he states that it was for money borrowed or had on four bank notes of $2,000 each. Neither the maker or the payee of the notes is given. It does not appear whether the money was borrowed or had. From aught that appears to the contrary, the notes may have been notes of third parties, sold to Mortimer and Lawrence Allison, and the money "had" thereon the proceeds of such sale. It does not appear that the defendant Isaac Allison ever borrowed or had the money. Every statement contained in this confession of judgment may be strictly true and still Isaac Allison may not have owed Mortimer Allison and Lawrence Allison a single dollar. We consequently are of the opinion that the statement is insufficient; that it fails to show that Isaac Allison was in debt to Mortimer and Lawrence Allison in any sum whatever." (*Combs* v. *Bowen*, 20 Weekly Dig., 57; *Chappel* v. *Chappel*, 2 Kernan, 215; *Dunham* v. *Waterman*, 17 N. Y., 9; *Freligh* v. *Brink*, 22 id., 418.)

The case of *Marrin* v. *Marrin* (27 Hun, 601; reversed, 92 N. Y., 644) is clearly distinguishable. In that case the statement was to the effect that the executor and trustee had been acting as such of property for the plaintiffs, and that on an accounting before the surrogate, as executor, etc., "it appears that there is now due and owing to said plaintiffs the sum of two thousand five hundred dollars, and that the same is already justly *due to said plaintiffs from me.*" Had the statement under review contained the concluding words of this sentence, a very different question would have been presented for our consideration.

The case of *Harrison* v. *Gibbons* (71 N. Y., 58) is likewise distinguishable. In that case the statement was to the effect that he "has and had obtained groceries, provisions, crockery, money, flour, etc., to the amount of $1,109.41, including interest, of John Owens," etc. It thus appeared that he had had the property, the amount, and of whom had.

In the second place it is contended that the plaintiff has no standing in court, for the reason that his levy had become dormant by reason of instructions given to the deputy sheriff. We are, however, of the opinion that this claim is not sustained by the facts. It is true that the appellant presented affidavits of Charles Adsit

and B. S. McConnell, who state that they had a conversation with William H. Murray and that he stated to them that he would not sell the property levied upon by him without a bond of indemnity from the bank. And that McMaster answered him : " We will see about that ; just let it rest," etc. These at most were declarations of Murray, not a party to the action or this motion, and the plaintiff cannot well be held bound by his declarations when not under oath. Murray in his affidavit states that after making a levy he was told that there was a dispute about the title to the goods levied upon, and that he requested G. N. Orcut, one of the plaintiff's attorneys, to procure an order in aid of the execution and investigate the title to the goods, and thereafter he served such an order in said action upon Allison ; that it has at all times been and is now his purpose and intention to sell the goods in pursuance of the plaintiff's execution, and whatever delay there has been, has been caused by his desire to learn all the facts in regard to the ownership of the goods, *and by no other cause whatever.* This clearly negatives any direction on the part of the plaintiff to the deputy sheriff that would make the execution dormant.

Again it is contended that the plaintiff, being a senior judgment-creditor, is not in a position to move to set aside a junior judgment. This is doubtless true. The plaintiff is only interested in the property which has been sold by virtue of the execution. The plaintiff had the right to have the property sold and the proceeds applied upon its judgment. This may still be done if the sale should be set aside.

We are consequently of the opinion that the order should be modified so as to set aside the sale under the execution only, and as so modified affirmed, without costs.

SMITH, P. J., BARKER and BRADLEY, JJ., concurred.

So ordered.