Dykman, J.
This is an appeal from an order of the special term, denying a motion to set aside a judgment by confession on the ground of the insufficiency of the statement upon which it was entered.
*68 Passing without decision, tlie very serious question which confronts the moving party, respecting his right to invoice the relief he desires, we have examined the statement by the light of such decisions as have been made in cases analogous to this and find it sufficient. It discloses the dealings and transactions from which the indebtedness arose, and then specifies the amount found due from the defendant to the plaintiff, upon an accounting between them, respecting, such dealings, and states in legal effect that the confession of judgment was for the debt justly due to the plaintiff, in view of all those facts.
Where the judgment is confessed for money due, as in this case, the statute requires a written statement which shall state concisely the facts out of which the debt arose, and show that the sum confessed therefor is justly due. Code, 1274.
While it is true that the statement hi this case fails to specify the times at which the horses were sold, or the money loaned, or what particular proportion of the debt arose from either transaction, yet such defects were held insufficient to invalidate the judgment in the cases of Freligh v. Brink, 22 N. Y., 419, and Harrison v. Gibbons, 71 N. Y., 58, and these authorities are sufficient to sustain the judgment in this action.
The attempt to establish actual fraud Avas a failure, and the appeal cannot prevail on that ground.
The order appealed from should be affirmed, with ten dollars costs and disbursements.
Barnard and Pratt, JJ., concur.