ILLINOIS WATCH CO. *et al. v.* PAYNE *et al.*

*(Supreme Court, General Term, First Department.   October 24, 1890.)*

**1. ASSIGNMENT FOR BENEFIT OF CREDITORS—FRAUD—DISPOSITION OF PROPERTY.**

Within the month preceding an assignment for benefit of creditors by a firm one of the partners withdrew money from the firm, stating that it was used to discharge liabilities of the firm in stock transactions.  Such transactions formed no part of the business of the firm; and no such obligations were produced or described, nor were the persons to whom the money had been paid stated.  On the day of the assignment the firm confessed three judgments in favor of such partner's wife, her mother, and her aunt, respectively, and sold thereunder all the property of the firm except debts and equitable assets.  *Held,* that the assignment was properly set aside as fraudulent.

**2. FRAUDULENT CONVEYANCES—CONSIDERATION.**

An insolvent firm immediately before making an assignment for benefit of creditors, confessed judgments in favor of the wife of one of the partners and of her mother, for money stated therein to be loaned by them to the firm.  Each judgment included money which had not gone into the possession of the firm, but which had been loaned to a certain company, and afterwards had been credited on the books of the firm to such partner's wife and to her mother, respectively, and at the same time charged to the company.  *Held,* that an intent was to be inferred to transfer so much of the firm property, and thereby to withhold it from the creditors; that therefore such judgments were fraudulent and void as to creditors, under 3 Rev. St. N. Y. (6th Ed.) p. 145, § 1, declaring that every judgment suffered, with intent to defraud creditors, etc., as against the persons so defrauded, shall be void; that, to render the judgments void, fraudulent intent on the part of the persons in whose favor judgment was confessed was not necessary; and that the court could not correct the judgments by deducting the fraudulent items, as it might have done had such items been made part of the judgment by mistake or inadvertence.

**3. SAME.**

At the same time as the judgments above mentioned another judgment was confessed by the firm to the aunt of the same partner, also stated therein to be for money loaned by her to the firm, for an amount which was sustained by her account in the books of the firm.  *Held,* that this judgment should not be set aside on the mere suspicion that its confession was produced by the same fraudulent intent as the other judgments and as the general assignment, which was also set aside for fraud; such judgment, and the proofs relating to it, being in no respect connected with the other judgments, or with any other part of the litigation.

VAN BRUNT, P. J., dissenting.

Appeal from special term, New York county.

Action by the Illinois Watch Company and others, judgment creditors of defendants William H. Payne and Frederick D. Steck, to set aside as fraudulent a general assignment made by said defendants for the benefit of their creditors, and also to set aside as fraudulent certain judgments confessed by said defendants to the defendants May L. Payne, Augusta L. Bamber, and Louise Nellis.   Judgment was rendered setting aside the assignment and the judgments so confessed with the executions issued thereon.   From this judgment the defendants May L. Payne, Augusta L. Bamber, and Louise Nellis appeal.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*L. Laflin Kellogg,* for appellants.   *Franklin Bien,* for respondents.

DANIELS, J.   The plaintiffs are judgment creditors of the defendants William H. Payne and Frederick D. Steck, who had been engaged in business under the firm name of Payne, Steck & Co.   The firm became insolvent, and on the 28th of December, 1887, made a general assignment with no other preference than that in favor of its employes, for the benefit of creditors.   On the same day of the execution and delivery of the assignment, and immediately preceding that act, the assignors confessed three judgments, one of which was in favor of each of the appellants.   But in the complaint this assignment and these judgments were each assailed as made by the insolvent debtors, to hinder, delay, and defraud their creditors.   And the final object of the action was to set them aside, and to secure the application of the money which had been obtained by a sale of the firm property under executions issued on these judgments, to the payment of the executions issued on the judgments recov-

·ered by the plaintiffs, and which are still outstanding and in the hands of the sheriff. Upon the trial of the action the plaintiffs were considered by the ·court to be entitled to that relief, and the assignments and the judgment entered by confession were set aside as fraudulent, and the moneys in the sheriff's hands were directed to be applied to the payment of the costs of litigation, and the judgments recovered by the plaintiffs in the order mentioned by the judgment in this action. The assignment was held to have been fraudulently executed because of the withdrawal of the sum of $46,000 from the firm by the defendant William H. Payne, during the month of December, 1887, and the appropriation of the amount to his own use. A similar conclusion had been previously reached in the trial of another creditor's action, and the judgment then recovered was read in this action as part of the evidence of the defendants. It was, however, objected that the same result should not be adopted in this action, because it had been stated by the same defendant in the course of his evidence that the money which had in this manner been withdrawn by him had in fact been used to discharge liabilities incurred in another business by the firm. These liabilities are stated to have been indorsements made in stock transactions carried on for the benefit of himself and the father of his wife, who is the defendant May L. Payne. As these transactions are described by him, it is entirely clear that they formed no part of the business of this insolvent firm, and it therefore derived no benefit whatever from this use of the money withdrawn, even if that use of it had been proven. But it was not, for no obligation or indorsement was described or produced which would support the conclusion that it was capable ·of being established as a liability of this firm. They were mentioned and referred to in the most general way, affording no *data* whatever by which they ·could be described or traced. Neither was any statement given of the person ·or persons to whom the money had been paid. All that this defendant stated himself as capable of giving was the general statement that the money had been devoted to the payment of these indorsements. His inability to go further was confessed by him. There were no entries in the firm books stating this disposition of the money, and no checks or other vouchers to authenticate it. An abundant opportunity had been afforded the defendant to sustain this general evidence by other proof, but none whatever had been produced; and the court, at the trial, could very well conclude, as it did, that this evidence was not credible, but that the money withdrawn from the firm remained subject to the defendant's control, or in an unexplained way had been appropriated to his own use. And this view received confirmation from the confession of these three judgments, under the executions on which all the leviable property of the firm had been seized and sold, leaving only debts and other equitable assets to pass under the assignment of the value of $9,202.03. And the probability that the assignment was fraudulent was increased by the facts that the first of the three judgments was confessed in favor of the wife of this defendant, the second in favor of her mother, and the third in favor of her aunt. This decision was so well sustained by the proof that no appeal was taken from it by the trustee, who had been substituted for the assignee, and the only complaint now made against it proceeds from the counsel of the persons themselves to and for whom these judgments were confessed. For this reason, as well as the force and effect which the court at the trial justly gave to the evidence upon this part of the case, so much of the judgment as set aside the assignment should be sustained. The judgment confessed in favor of the defendant May L. Payne was for the sum of $14,571.91, besides interest, and the statement contained in it is that it was for money loaned by her to the firm, and for a note of $1,500 imperfectly and defectively set out, made by the Vesta Mineral Springs Company, and for a valuable consideration indorsed to her by the firm. As this part of the case was presented by the evidence, it clearly appeared that the plaintiff in this

judgment personally had no transactions and made no loans of money to the firm, but all that was done in making the loans to the firm was done by her father and her husband. The books, as they were sustained by the evidence of the book-keeper, contain accounts of moneys received by the firm from this defendant; and if the judgment had been confessed for a smaller amount, not exceeding these loans, it might very well be capable of being sustained. But, as is not uncommon in the friendly disposition of the property of insolvent dealers, the intention prevailed of making the judgment as large as possible, without reference to the justice of the demands it was made to include, and which cannot fail to betray the suspicion of a fraudulent design. For that object, an item of $4,700 was added, as a loan to the firm, on the 10th of June, 1887. This was in her account upon the books, but it was proven not to have gone in any form into the possession or use of the firm, or to have been in any form applied to its benefit. It went, on the contrary, to the Vesta Mineral Springs Company, and all that the firm had to do with it was making a formal or nominal credit of it on its books, and then its charge to that company. This direction was given to it by the authority of W. H. Payne, acting in behalf of his wife, and it is not changed by the indisposition of her father to invest or even loan money to the company; for what Mr. Payne did with this sum of money was to make such an investment or loan of it. Nothing whatever transpired to make it a loan to or debt of the firm, and no liability was created on its part for the money. In substance, all that did take place with the firm was a credit of this sum in the account with May L. Payne, the simultaneous balancing of the credit by charging the amount to the mineral spring company, and the delivery or loan of the money to that company. It was by this process not made a debt of the firm, and its members must be held to have known that they had no right to appropriate the property of the firm by means of the judgment to its payment. The plain inference from what was done with this sum is that it was intended to be the medium of transferring so much of the firm property to the wife of one of its members, and thereby to withhold and withdraw it from the creditors; and that was the conclusion reached by the court at the trial. It was supported by the facts, and avoided this judgment as fraudulent. To be attended with that result the intent to defraud has not been required on the part of the person in whose favor the judgment has been confessed. But the statute has declared in the most general language that every bond or other evidence of debt, suit commenced, decree or judgment suffered, with intent to hinder, delay, or defraud creditors of their lawful suits, etc., as against the persons so hindered, delayed, or defrauded, shall be void. 3 Rev. St. (6th Ed.) p. 145, § 1. All that it has required is that the judgment shall be suffered or permitted with this intent, and its existence in the mind of the debtor fulfills and satisfies the language of the statute. And it has been so construed and administered by the courts. *Starin* v. *Kelly*, 88 N. Y. 418; *Loos* v. *Wilkinson*, 110 N. Y. 195, 18 N. E. Rep. 99. Against that intent an innocent purchaser for a valuable consideration has alone been protected, and the party in whose favor a judgment has been fraudulently confessed is not such a purchaser. It has been suggested that the court has the power to correct the judgment by deducting this item. But that is not allowed where the judgment itself is fraudulent. The statute has declared it void when that intent which has been prohibited pervades it, and the court cannot hold it to be otherwise. If a mistake merely had been made, the mistake might be rectified. *Frost* v. *Koon*, 30 N. Y. 428; *Harrison* v. *Gibbons*, 71 N. Y. 58. But, as this amount was not made a part of the judgment by any misunderstanding or inadvertence, it cannot be protected through the application of this principle. But the judgment must be held to be void, as the statute has declared it to be, because of the fraudulent intent which induced this addition to its amount.

The next judgment was in favor of the mother-in-law of the defendant William H. Payne. This judgment was confessed for the sum of $7,470, besides interest. And $5,000 of the amount passed through the same process, as did the $4,700 that was made a part of the judgment in favor of May L. Payne. It was not an obligation or debt of the firm, and it was a fraud upon its creditors to empower the defendant Augusta S. Bamber by its insertion in the judgment to appropriate so much of the firm property as was necessary for its satisfaction to her use. That was the natural effect of adding this to the judgment. It was to defraud the creditors of the firm out of so much of its property, and parties are presumed to intend just what their acts must necessarily accomplish.

The third judgment is in favor of Louise Nellis, the aunt of the defendant May L. Payne, and it is no doubt subject to the suspicion that its confession was produced by the same intention as included the two others and the general assignment. But as to that there is no more than this suspicion, for the books sustained her right as a creditor to the recovery of this amount; and the fact that it was not all found by the witness Ascher in the account of loans made by the firm did not overthrow the other evidence given in her favor. There was sufficient in her own account upon the books united with the other evidence to sustain her judgment. And the decision at the trial should not have been against her on the ground that it was tainted by the same fraudulent intent as the two judgments entered before it. Neither did its recovery produce any unlawful preference within chapter 503 of the Laws of 1887, forbidding preferences exceeding one-third of the debtor's estate after paying the wages and salaries of employes. This judgment, and the proofs relating to it, are in no respect connected with the other two judgments, or with any other part of the litigation, but it stands separately and alone on its own merits, and to correct the result, so far as this defendant has been affected by it, a reversal and new trial to that extent only will become necessary, (Code Civil Proc. § 1317,) and that should be ordered. As to the other two appellants the judgment should be affirmed, but as to the defendant Louise Nellis, and so far as it is against her, the judgment should be reversed, and a new trial ordered with costs to her to abide the result.

BRADY, J., concurs.

VAN BRUNT, P. J., (*dissenting.*) I cannot concur in the conclusion arrived at by Mr. Justice DANIELS. I think that the judgment appealed from should be affirmed. These confessions and the assignment were a part of the same transaction. The same intent pervaded the whole. They were executed at about the same time, and were component parts of one scheme. If there was a fraudulent intent as to any part of this scheme, it vitiated the whole. The assignment was fraudulent, hence the confessions were also fraudulent. It is not enough that the plaintiff in the confession should act in good faith. If the defendant acts from a fraudulent motive the confession is void. This is the provision of the Revised Statutes. Hence, even if the debt was actually due to Louise Nellis, the confession to her being part and parcel of the fraudulent assignment, it is tainted with the same fraud. The judgment appealed from should be affirmed, with costs.