ROWE et al. v. HEIBER et al.

(Supreme Court, Appellate Division, Third Department. May 4, 1898.)

1. JUDGMENT BY CONFESSION—VALIDITY—AFFIDAVIT.
    Code Civ. Proc. § 3011, subds. 2, 3, provide that a confession of judgment before a justice of the peace must be accompanied with affidavit that defendant is justly indebted in the sum specified above all just demands of defendant against plaintiff, and that the confession is not intended to defraud creditors. Parties appeared before a justice, and filed a paper, with statements purporting to be sworn, setting forth the required facts, except that they did not state that the indebtedness was above "all" just demands, etc., and there was neither venue nor jurat thereto, nor any formal confession. *Held*, that a judgment thereon was void as one on confession.

2. JUDGMENT ON APPEARANCE AND JOINDER OF ISSUE.
    Under Code Civ. Proc. §§ 2876, 2934, providing that an action may be commenced before a justice of the peace by voluntary appearance and joinder of issue, which must be at the time of appearance, a judgment on appearance and a complaint not controverted cannot be sustained.

3. JUDGMENT BY DEFAULT.
    Where parties have appeared voluntarily before a justice of the peace, and unsuccessfully attempted to enter a judgment by confession without joining issue, it cannot be sustained as a judgment on default, under Code Civ. Proc. §§ 2988, 2989, since default can be taken only after service of summons or issue joined.

4. EXECUTION—JURISDICTION TO SET ASIDE—COUNTY COURT.
    Under Code Civ. Proc. § 3017, providing that, when a transcript of a judgment from justice court is filed in the county clerk's office, it shall "thenceforth be deemed a judgment of the county court, and be enforced accordingly"; and section 348, which gives the county court the same jurisdiction as the supreme court in a like case,—it has power to set aside an execution on such judgment in favor of a junior execution creditor for jurisdictional defects in the judgment.

Appeal from Delaware county court.

Appeal by John O. Rowe and another from an order of the Delaware county court setting aside as against an execution in favor of

the respondents, John C. Heiber and others, an execution issued in favor of the appellants upon a judgment purporting to have been entered in favor of the appellants upon confession before a justice of the peace of said county, against Frederick E. Peckham, and docketed in said county upon a transcript thereof issued by said justice. Affirmed.

The judgment by confession in favor of the appellants against Peckham was entered by the justice of the peace December 4, 1896, for $202.01 damages and $1.20 costs, and a transcript thereof was issued, filed, and docketed, and execution issued to the sheriff the same day. The judgment in favor of the respondents against Peckham was recovered in the supreme court for $537.36, December 8, 1896, and execution thereon issued to the same sheriff the same day. Other judgments against said Peckham, in favor of other parties, were recovered, and executions placed in the hands of the same sheriff from the 4th to the 8th of December, 1896, both inclusive. The sheriff realized from the property of the judgment debtor $1,540. If the appellants' execution is allowed to stand, the fund is insufficient to pay the respondents' execution. The county judge set aside the appellants' execution upon the ground that the confession of judgment was not made pursuant to the provisions of Code Civ. Proc. §§ 3010, 3011. December 4, 1896, the judgment debtor, Peckham, and George N. Rowe, one of the firm of J. O. and G. N. Rowe, appeared before the justice of the peace, and thereupon the justice's minutes read as follows:

"Oneonta, N. Y.

"Mr. F. E. Peckham, in Account with J. O. & G. N. Rowe, Wholesale Grocers.

| October | 3rd. | Mdse | $ 5 30 |
| | 5th. | " | 13 60 |
| | 9th. | " | 26 16 |
| | " | " | 28 50 |
| | 24th. | " | 14 24 |
| November | 20th. | " | 21 58 |
| " | " | " | 16 49 |
| | | | $125 87 |
| Check 7,503, and Prot. 1.11 | | | 76 14 |
| | | | $202 01 |

"John O. Rowe and George N. Rowe against Frederick E. Peckham.

"Confession of Judgment before John Chambers.

"1896, Dec. 4. The plaintiff George N. Rowe appears in person for plaintiffs. Defendant appears in person. Plaintiffs complain for merchandise sold defendant to the amount of $202.01. Complaint on file. George N. Rowe, sworn, says the items charged in the complaint are correct and true, and Fred E. Peckham is indebted to them to the amount of $202.01, and no part has been paid or satisfied.

"[Signed]                                George N. Rowe.

"F. E. Peckham, being sworn, says he is honestly and justly indebted to the above-named plaintiffs in the sum specified therein, over and above just demands which the defendant has against the plaintiffs, and that the confession is not made or taken with intent to defraud any creditor.      F. E. Peckham.

"I do this day enter judgment in favor of the above-named plaintiffs, and against the above-named defendant, for:

| Damages | $202 01 |
| Costs | 1 20 |
| | $203 21" |

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Johnson & Huntington, for appellants.
Fancher & White, for respondents.

LANDON, J. The papers upon which the judgment by confession was entered are defective in substance and form. Subdivisions 2 and 3 of section 3011 of the Code provide:

"(2) The confession must be in writing, signed by the defendant, and filed with the justice.

"(3) If the judgment is confessed for a sum exceeding fifty dollars, the confession must be accompanied with the affidavit of the defendant and of the plaintiff, stating that the defendant is honestly and justly indebted to the plaintiff in the sum specified therein, over and above all just demands which the defendant has against the plaintiff; and that the confession is not made or taken with intent to defraud any creditor."

There is no formal confession of judgment by the defendant. The paper signed by him, and probably intended as his affidavit, has neither venue nor jurat, and fails to state that he is justly indebted to the plaintiffs in the sum specified therein, over and above all just demands, etc. The paper executed by the plaintiffs lacks the same formalities as an affidavit, and omits the final substantial requirements of subdivision 3. We think the defects, in substance, are fatal to the validity of the judgment as one by confession. There was no action pending between the parties. They appeared of their own motion before the justice, and undertook to make such compliance with the statute as would confer jurisdiction upon him to enter the judgment, and they failed to do so. Hence he had no jurisdiction. The judgment cannot be sustained as a judgment entered upon the voluntary appearance of the parties and joinder of issue, under sections 2876 and 2934, since there was no joinder of issue or summons issued; nor under sections 2988 and 2989, since default can be taken only after summons has been served, or, if not served, after issue joined. Besides, treated otherwise than as a judgment by confession, the amount of the recovery exceeds $200, and is therefore in excess of the jurisdiction of the justice. Sections 2861 and 2862.

The appellants contend that the county court had no jurisdiction to set aside the execution. We think otherwise. Section 3017 provides for the filing of a transcript of a justice's judgment in the county clerk's office, and says: "Thenceforth the judgment is deemed a judgment of the county court of that county, and must be enforced accordingly." Staying the execution relates to the enforcement of the judgment, and jurisdiction to enforce implies jurisdiction to stay the enforcement. Section 348 provides:

"Where a county court has jurisdiction on an action or special proceeding, it possesses the same jurisdiction, power and authority in and over the same, and in the course of the proceedings therein, which the supreme court possesses in a like case, and it may render any judgment, or grant any relief, which the supreme court might render or grant in a like case."

The supreme court has jurisdiction to set aside an execution upon a judgment upon the motion of a junior execution creditor of the same debtor. Chappel v. Chappel, 12 N. Y. 215; Harrison v. Gibbons, 71

N. Y. 58; Wood v. Mitchell, 117 N. Y. 439, 22 N. E. 1125. The
county court was not bound by the transcript, and had the right
to look into the proceedings in the justice's court to see whether that
court proceeded within its jurisdiction. Agar v. Tibbets, 56 Hun,
272, 9 N. Y. Supp. 591. Jurisdiction to enter the judgment depended
upon the substantial compliance by the parties with the statutory
requirements. They failed to make such compliance, and hence the
justice did not acquire jurisdiction to enter the judgment. This is
a different question from reviewing errors made by the justice within
his jurisdiction.

The order should be affirmed, with $10 costs and disbursements.
All concur.