DANIELS v. SOUTHARD et al.

(Supreme Court, Appellate Division, Third Department. January 11, 1899.)

1. JUDGMENT—JURISDICTION TO SET ASIDE—COUNTY COURT.

Under Code Civ. Proc. § 3017, providing that, when a transcript of a judgment from justice's court is filed in the county clerk's office, it shall "thenceforth be deemed a judgment of the county court, and be enforced accordingly"; and section 348, which gives the county court the same jurisdiction as the supreme court in a like case,—the county court has power to set aside such judgment as to one of the judgment defendants who was not served, notwithstanding no appeal was taken.

2. APPEAL—EX PARTE ORDERS.

Under Code Civ. Proc. § 1304, providing that an appeal cannot be taken from an order made by a judge out of court until it is entered in the office of the proper clerk, a judge's ex parte order staying proceedings on a justice's judgment of which a transcript had been filed to the county court until a motion to vacate it might be heard, such order not having been filed with the clerk, is not appealable; the remedy for irregularities, if any, being by motion.

Appeal from Rensselaer county court.

Action by Milo Daniels against Irene F. Southard and another. Appeal from an order granted setting aside a judgment rendered by a justice of the peace, and vacating and canceling, as to the respondent, the transcript and docket of judgment thereon filed, and entered in the county clerk's office of said county, and vacating and staying execution and all proceedings thereon. 51 N. Y. Supp. 1136. Also appeal from an order granted by the county judge of Columbia county, staying proceedings pending the hearing of the motion for the above order. No appeal has been taken in the action from the justice's judgment. Modified.

Argued before PARKER, P. J., and LANDON, HERRICK, and MERWIN, JJ.

Strait & Betts, for appellant.

C. C. Van Deusen (A. Frank B. Chace, of counsel), for respondent.

PARKER, P. J. In Rowe v. Peckham, 30 App. Div. 173, 51 N. Y. Supp. 889, we held that the county court had authority, even though no appeal had been taken, to inquire into the jurisdiction of the justice to enter the judgment upon which the transcript was based; and, if it found that the justice had no jurisdiction, it might lawfully vacate any execution issued out of that court upon a judgment entered upon such transcript, and enjoin all further proceedings thereon. We were not then called upon to decide whether the transcript issued by the justice, and the judgment docketed thereon, could also be vacated by the county court. But the principle which authorizes the inquiry and

the vacation of the execution extends to the vacation of the judgment in the county court, which is the basis of that execution. If the judgment is not vacated, it stands upon the record of the county court as a lien against the defendant's real estate. If such a judgment had been obtained upon summons purporting to issue out of that court, it would be common practice to move in that court to vacate it on the ground that the summons was never served (Dutton v. Smith, 10 App. Div. 566, 42 N. Y. Supp. 80); and by analogy in this case so much of its records as purports to be a judgment of that court may be vacated for the reason that it has been rendered without the service of any process upon defendant. It appears from the opinion of the county judge, in the record before us, that such was the extent of the order which he directed in this case. The order as actually entered, however, goes further, and assumes to vacate and set aside the judgment entered by the justice, although it does provide that such vacation shall be "without prejudice to the plaintiff to sue on the judgment of the justice herein." The order made by the county judge of Columbia county was a judge's order, made ex parte, and does not appear to have ever been entered in the clerk's office. It seems to have been made upon the same papers which were thereafter used to obtain the order made by the Rensselaer county court, and operated only as a stay pending the hearing and decision of that motion. If irregular, the proper remedy was by motion to the judge granting it that it be modified or set aside. I see no reason for reversing it upon this appeal. People v. Common Council, etc., of Buffalo, 30 Hun, 636; Aldinger v. Pugh, 57 Hun, 185, 10 N. Y. Supp. 684; Hoyt v. Mann, 7 N. Y. St. Rep. 420; Code Civ. Proc. § 1304.

We are of the opinion that the order of the county court appealed from should be modified so that it vacate, as against the defendant Irene F. Southard, merely the transcript and judgment entered thereon in the county court, and the execution issued on the same, and that it enjoin all further proceedings against her upon the same; and, as so modified, such order should be affirmed, without costs to either party. All concur.