(39 App. Div. 521.)

ILLINOIS WATCH CO. et al. v. PAYNE et al.

(Supreme Court, Appellate Division, First Department. April 7, 1899.)

CONFESSION OF JUDGMENT—CONSTRUCTIVE FRAUD.

    A false statement, in a confession of judgment, of the amount due the judgment creditor, is constructively fraudulent.

Appeal from special term, New York county.

Action by the Illinois Watch Company and others against May L. Payne and others. There was a judgment for defendant Louise Nellis, and plaintiffs appeal. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Franklin Bien, for appellants.

L. Laflin Kellogg, for respondents.

O'BRIEN, J. The facts relating to this controversy are given in the opinion upon the former appeal (11 N. Y. Supp. 408), when the judgment, as against the defendant Louise Nellis, was reversed, and a new trial ordered. Upon the new trial we have, in addition to the former record, which was admitted by stipulation, the testimony of the defendant Louise Nellis and that of her attorney; and it remains to determine whether such evidence supports the conclusion reached by the trial judge in upholding the confession of judgment in her favor. The confession of judgment given her, and sworn to on December 28, 1887, states that between May 12, and December 9, 1887, she loaned the firm of Payne, Steck & Co. the sum of $2,056, and that $1,656 was paid, leaving $400 due, with interest from December 9, 1887. The correctness of the defense made

and of the conclusion reached in the court below depends, therefore, upon whether this statement in the confession was or was not true. The confession recited, also, other transactions between the parties, represented by notes, and amounting to $1,418, not due at the date of the confession; but, as no controversy arises on this appeal concerning them, they may be dismissed from further consideration. We are thus brought to the real question in issue, namely, whether at the date of the confession of judgment there was $400 due the defendant. In reference thereto we have the books of the firm, which show the defendant's account as follows:

Credit items:
Money loaned,—$1,000, $600, $100, $300........................ $2,000
Interest,—$10, $10, $36, $18..................................     74
                                                                 ——— $2,074

[Two other credit items, of $600 and $800, are balanced by notes given by the firm.]

Debit items:
Cash payments,—$40, $60, $50, $30, $20, $10, $10, $36, $30, $70. $  356
Notes,—$618, $800 ............................................. 1,418
                                                                 ——— 1,774

[There is also a note for $300, dated December 9th.]

Money due .................................................... $  300

By the above calculation, and disregarding for the time this $300 note, it appears that $300, instead of $400, as stated in the confession of judgment, and outstanding notes of $1,418, were due the defendant. The discrepancy is owing to the failure to credit the firm with the last two payments of $30 and $70, which are marked, "Cash to W. C. Nellis." The defendants' attorney testified, under the plaintiffs' exception, that he drew up the confession of judgment given Louise Nellis from the accounts of the firm, and made it by crediting her with having loaned all the money that appears in the notes which were not paid and renewed, and charging her with the payment of the notes that were renewed, and endeavoring to strike the exact balance, and that, after he had so prepared the confession, the firm swore to it. This testimony was intended to excuse any error of the confession, and, according to the showing made, the amount of $400 appears to have been obtained as follows:

Loans,—$1,000, $600, $100, $300................................ $2,000
Interest,—$10, $10, $36........................................     56
                                                                 ——— $2,056
Cash payments.—$40, $60, $50, $30, $20, $10, $10, $36.......... 256
Notes paid,—$600, $800........................................ 1,400
                                                                 ——— 1,656

Money due ..................................................... $  400
Interest ......................................................     18
Notes,—$600, $800 ............................................. 1,400
                                                                 ———
Notes ......................................................... $1,418

The sums of $30 and $70 are not accounted for, nor is the $300 note mentioned.

The defendant's testimony is that her dealings were with Mr. Payne, not personally, but through her son, and that she loaned money, which was the proceeds of her deceased husband's insurance, at the legal rate for six months, the sums being $1,000, $618, and $300, making $1,918 in all, and that she received back sums leaving a balance due of $1,718 (evidently, notes, $1,418, and cash, $300), that she did not advance the sum of $2,906, that $1,656 was not the sum repaid, and that she knew nothing of the confession of judgment or of any fraud. The figures so sworn to are, with entries of interest, in accord with the showing of the books, and differ from the statement of the confession of judgment as to the sum mentioned, of $100.

There is another view to be taken of the account as it appears in the books, but it brings us to the same conclusion. The two cash payments of $30 and $70 are dated, respectively, December 9th and December 10th. The statement in the confession of judgment is that moneys were loaned between May 12th and December 9th, and that "there is now partly due" $400. If the confession of judgment had been sworn to on December 9th, there would be support for the finding that $400 was due. The statement in the confession, moreover, would not be in conflict with the defendant's own evidence. In testifying, she had in mind, no doubt, the debt due her after the $100 was paid,—it appearing from her statement that she knew nothing of the confession of judgment; and it is fairly probable, from the fact that her interests were managed by her son, that she knew little or nothing about the account, any way. We are not affected, in our conclusion, therefore, by the fact that there is an apparent discrepancy between the defendant's evidence and the confession of judgment; but, taking the books upon which she must have relied to support her claim, and comparing the account with the confession of judgment, it is made certain that when the confession was sworn to, on the 28th of December, the two payments referred to had been made, and there was then due no more than $300. An examination of the account further shows that there was a note for $300 given by the firm on December 9th, of which no account seems to have been taken. It will thus be seen that, from whatever point of view we approach the subject, there could be no finding, on the evidence, as to the amount due her on December 28th, the date of the confession of judgment, of a greater sum than $300; or, in other words, it is evident that the judgment confessed exceeded the amount due by at least the sum of $100. That this error was not intentional, nor made with any intent to defraud, may be conceded; but it is, nevertheless, under the authorities, fatal to the confession of judgment. As said in Rutherford v. Schottman (Sup.) 1 N. Y. Supp. 741:

"Whether the statement was intentionally false, and thus the confession fraudulent in fact, is immaterial. It was fraudulent in law, and the judgment confessed was consequently void."

The judgment accordingly must be reversed, and a new trial ordered, with costs to the appellants to abide the event. All concur.